Commonwealth *v.* Tolbert, Appellant.

Argued November 9, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Christian T. Mattie, III,* with him *Michael J. Stack,* and *O'Halloran, Stack & Smith,* for appellant.

*Maxine Stotland,* Assistant District Attorney, with her *Martin H. Belsky* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 19, 1973:

In June of 1953, appellant, James Corey Tolbert, then sixteen years of age, pleaded guilty to murder generally. A three-judge court found him guilty of first-degree murder and sentenced him to life imprisonment. No appeal was taken.

In 1967, appellant filed a petition under the Post Conviction Hearing Act, alleging, inter alia, that his guilty plea was induced by his involuntary written confession, that he did not understand the significance and consequence of his guilty plea, and that he was not informed of his right to appeal. In an order and opinion dated November 2, 1967, he was granted the right to appeal, nunc pro tunc, but denied all other relief, the court finding that both appellant's confession and his plea were voluntary. Appellant appealed from the order denying his post-conviction petition, with a brief prepared by court-appointed counsel, in an appeal at No. 186, January Term, 1968. On December 16, 1970, appellant petitioned for the appointment of new counsel. New counsel was appointed to represent appellant and he filed post-trial motions, nunc pro tunc, in appellant's behalf.

These motions were denied on February 29, 1972. Appellant appealed from this denial in his appeal at No. 279, January Term, 1972. Appellant's sentence was commuted by the Governor in January of 1972, and he is now on lifetime parole. The two appeals, which raise substantially the same issues, have been consolidated and we shall treat them together.

A guilty plea, of course, waives all nonjurisdictional defects, and an appeal is limited to the determination of the voluntariness of the plea and the legality of the sentence imposed.[1] In those situations where it is asserted that a guilty plea was involuntary because it was induced by the existence of a confession which was involuntary or otherwise inadmissible, the appellant must show that the guilty plea was primarily motivated by the existence of the confession and that he was incompetently advised to plead guilty. *Commonwealth v. Marsh*, 440 Pa. 590, 271 A. 2d 481 (1970). We agree with the 1967 opinion that appellant's guilty plea was primarily motivated by the confession. However, at trial, appellant did not contest the voluntariness of that confession, and the court found that it was completely voluntary in that he readily admitted his participation in the stabbing as soon as he was taken into custody. In any case, appellant has offered no evidence of his trial counsel's incompetence in advising him to plead guilty rather than challenging the confession, going to trial and risking the death penalty. We are convinced that counsel's strategy in seeking to avoid the death penalty by admitting the confession, offering to put appellant on the stand, and introducing character witnesses in appellant's behalf was well within the range of competence, so that under the test outlined in *Marsh*, appellant has not shown that his guilty plea was invalid.

[1] See *Commonwealth v. Walters*, 431 Pa. 79.

In his 1972 appeal from the denial of his post-trial motions, nunc pro tunc, appellant raises two additional issues. He alleges that the confessions of his co-defendants should not have been admitted at his degree-of-guilt hearing because appellant was not afforded an opportunity to cross-examine his co-defendants. *Bruton v. United States*, 391 U.S. 123 (1968); *Commonwealth v. Ransom*, 446 Pa. 457, 288 A. 2d 762 (1972). He also alleges that the evidence was insufficient to show first-degree murder.

However, appellant's own confession admitted that the stabbing was undertaken to obtain money and the victim's wife testified that she saw two of the defendants leaning over her husband and going through his pockets after the stabbing, while the other defendants waited for them. This evidence was sufficient to establish that the motive of the stabbing was robbery and renders the confessions of appellant's co-defendants, at most, harmless error. See *Schneble v. Florida*, 405 U.S. 427 (1972).

At No. 186, January Term, 1968, order affirmed. At No. 279, January Term, 1972, judgment of sentence affirmed.

Mr. Justice ROBERTS, Mr. Justice NIX and Mr. Justice MANDERINO concur in the result.