Commonwealth *v.* O'Neill, Appellant.

Argued March 13, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*C. R. Cook,* Assistant Public Defender, with him *Timothy J. Sullivan, Jr.,* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Louis R. Paulick,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, May 4, 1973:

On April 19, 1971, the appellant, Leroy O'Neill, was arraigned before the court in Allegheny County on an indictment charging him with the murder of his wife. He plead "not guilty" and trial before a jury commenced. On April 22nd, after the Commonwealth had completed the presentation of its evidence in support of the indictment, O'Neill requested and was granted permission by the court to withdraw the "not guilty" plea and to enter a general plea of guilty to murder. The court accepted the guilty plea after an extended colloquy. O'Neill then testified and stated he was intoxicated at the time of the fatal assault on his wife and could not remember too many of the attending circumstances. The court found him guilty of murder in the second degree, and later, on May 20th, imposed a prison sentence of six to eighteen years. Throughout these proceedings, O'Neill was represented by counsel.

On June 3, 1971, the court permitted O'Neill's counsel to file a motion in arrest of judgment and/or for a new trial "nunc pro tunc". The motion was subsequently denied and this appeal was filed.

It is first urged the guilty plea was not knowingly and intelligently entered because O'Neill was never advised of the permissible range of sentences for murder. An examination of the plea proceeding record discloses that before the plea was accepted the court first explained to O'Neill that under this plea of guilty he could be found guilty of murder in the first degree, murder in the second degree or voluntary manslaughter. The court then directed several questions to O'Neill personally to make certain the plea was entered of his own free will and with a clear understanding that the plea was an admission of guilt of the crime of murder. When O'Neill affirmatively indicated the decision to plead guilty was his own voluntary choice, and that he understood the impact of the plea, the following ques-

tions and answers ensued: "The Court: And do you understand that upon your doing so you then leave it to the Court to determine the degree of guilt? The Defendant: Yes, Sir. The Court: And do you understand that, depending upon the degree of guilt, that the Court then, subsequently, would determine what sentence might be imposed? The Defendant: Yes. The Court: This sentence could be a term of imprisonment or fine, or both? The Defendant: Yes, sir. The Court: Do you understand that? The Defendant: Yes, your Honor."

While it may have been wise for the court to have spelled out the specific maximum sentences permitted when one is convicted of either of the two degrees of murder or of voluntary manslaughter (see Pennsylvania Rules of Criminal Procedure, No. 319 and Comment), the absence of such advice, without more, does not nullify the plea or render it unintelligent. This is particularly so where as in this case the accused is thoroughly informed of and understands the impact of the plea, and is also made aware the sentence can be one of imprisonment. Another important fact is that before sentence the court asked O'Neill if he had anything to say before sentence was imposed, and the response was "No, sir."

As noted before, sentence was not imposed until about one month after the plea was entered and nothing was said at that time to even hint the guilty plea was not knowing and intelligent. If O'Neill had any lack of understanding of the consequences of his plea, he should have spoken up when given the opportunity. Cf. *Commonwealth ex rel. Barnosky v. Maroney*, 414 Pa. 161, 199 A. 2d 424 (1964).

Finally, it is urged the court erred in not ordering the guilty plea withdrawn in view of O'Neill's subsequent testimony that he did not remember all of the details surrounding the fatal assault. As we stated in

*Commonwealth v. Cottrell,* 433 Pa. 177, 249 A. 2d 294 (1969), at page 179: ". . . where there is significant evidence of guilt . . . and the accused, after adequate consultation with his counsel, decides to plead guilty, that plea is not rendered invalid merely because the accused is unable or unwilling to detail the occurrence in court. [Citations omitted.]"

Judgment affirmed.