## Commonwealth *v.* Velez, Appellant.

Submitted January 8, 1974. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Joseph C. Spaulding,* for appellant.

*Benjamin H. Levintow* and *David Richman,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Eagen, March 25, 1974:

Ruben Ramos Velez, while assisted by counsel entered a plea of guilty to murder generally. Contem-

poraneously, the court was informed a plea bargain had been negotiated by the district attorney's office and counsel for Velez with the appellant's knowledge and consent. In compliance with the agreement, the assistant district attorney then certified the offense rose no higher than murder in the second degree and recommended to the court that a prison sentence of no less than six and no more than twenty years be imposed. He also moved the court to nolle pros two other criminal indictments pending against Velez.

Before accepting the plea, the court questioned Velez extensively, who affirmatively indicated he understood the nature of the charge, and approved of the plea arrangement; that the guilty plea was his own free act; that he was aware of his right to trial by jury and understood the impact of his plea, as well as the possible consequences.[1] The court then accepted the plea and, after an evidentiary hearing, entered an adjudication of guilt of murder in the second degree and sentenced Velez to prison for a term of six to twenty years. This direct appeal followed. We affirm.

The sole assignment of error is the guilty plea was invalid and of no effect because it was motivated by the existence of a pretrial confession secured by the police at a time when Velez was not aware of his constitutional rights.

As we have stated several times, in order to successfully attack a guilty plea on the ground it was motivated by a confession secured through means constitutionally impermissible, the defendant must establish: (1) the existence of a constitutionally invalid confession; (2) the guilty plea was motivated by the confession; *and* (3) the defendant was incompetently advised

---

[1] In answer to one of the court's questions, Velez stated ". . . All I am anxious to know is that my crime will go no higher than second degree."

by counsel to plead guilty rather than stand trial. See *Commonwealth v. Tolbert*, 450 Pa. 149, 299 A. 2d 252 (1973); *Commonwealth v. Taylor*, 449 Pa. 345, 296 A. 2d 823 (1972); *Commonwealth v. Reagen*, 447 Pa. 186, 290 A. 2d 241 (1972); and *Commonwealth v. Marsh*, 440 Pa. 590, 271 A. 2d 481 (1970).[2] See also *McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441 (1970), and *Parker v. North Carolina*, 397 U.S. 790, 90 S. Ct. 1458 (1970).

The confession here involved was attacked by a pretrial motion to suppress. After an evidentiary hearing, the court denied the motion and found that before the questioning commenced which gave rise to the confession, Velez was fully advised of his constitutional rights as mandated by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), and that he understood his rights. Our reading of the suppression hearing record persuades us that the court was amply warranted in arriving at this conclusion.

In view of the above, it is unnecessary to determine whether the confession motivated the guilty plea or whether the advice of counsel to plead guilty was in the range of competence normally required of attorneys representing criminal defendants.

Judgment affirmed.

Mr. Justice MANDERINO concurs in the result.

---

[2] In evaluating the validity of a guilty plea, the same criteria apply whether the attack is through a collateral proceeding or a direct appeal. See *Commonwealth v. Hollenbaugh*, 449 Pa. 6, 295 A. 2d 78 (1972).

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I agree that the judgment of sentence should be affirmed. Appellant's guilty plea was voluntarily and understandingly tendered and properly accepted by the trial court. *Commonwealth v. Maddox*, 450 Pa. 406, 300 A.2d 503 (1973); Pa. R. Crim. P. 319, 319A; ABA Proj-

ect on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §§ 1.4-.6 (Approved Draft, 1968); ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge §§ 4.1-.2 (Approved Draft, 1972). His plea was entered as a result of a plea bargain, not as the result of an allegedly illegal pretrial confession. See *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495 (1971); *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971); *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 223 A.2d 699 (1966).

Mr. Justice NIX joins in this concurring opinion.