333 A.2d 181

COMMONWEALTH of Pennsylvania

v.

**Vernon Carl MARSH, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 30, 1974.

Decided Feb. 27, 1975.

254

James D. McDonald, Jr., Erie, for appellant.

Charles D. Agresti, Erie, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

■ This is the third time that Vernon Marsh has been before this Court on petitions for post-conviction relief, collaterally attempting to set aside his guilty plea to an indictment for murder. The facts surrounding the commission of the crime and the arrest of the appellant are amply set forth in *Commonwealth v. Marsh*, 440 Pa. 590, 594–95, 271 A.2d 481, 484 (1970) (*Marsh I*). The procedural history of his case, except for the steps taken in this appeal, are cogently delineated in *Commonwealth*

*v. Marsh,* 448 Pa. 292, 293–95, 293 A.2d 57, 59–60 (1971) *(Marsh II).* Suffice it to say that in *Marsh I,* we declined to set aside the petitioner's guilty plea as we adopted the United States Supreme Court's tripartite standard for invalidating guilty pleas. That standard originating in *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), and *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970),* states that a defendant who wishes to set aside a guilty plea must successfully demonstrate all of the following: (1) the existence of constitutionally infirm incriminating evidence; (2) that his guilty plea was primarily motivated by such evidence; and (3) that defendant was incompetently advised by counsel to plead guilty rather than stand trial. *Marsh I* rejected appellant's attempts to abandon his guilty plea because he had failed to allege ineffective assistance of counsel. In *Marsh II,* the appellant had a procedural opportunity to amend his motion for a new trial to include the specific allegation that the advice given to him by counsel at the time he originally entered his guilty plea was incompetently given. This Court examined the record as to facts surrounding the entry of the guilty plea and concluded in *Marsh II:*

> "When appellant's pretrial motion to suppress his confession was denied, his counsel was faced with the decision of whether to let appellant go to trial and risk a death penalty or to plead guilty and take his chances with a three-judge panel at a degree-of-guilt hearing. Considering the strong evidence that this was a cold-blooded robbery-murder, we cannot say that the advice

---

* *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), reaffirms the *McMann* and *Parker* test. *Brady v. United States,* 397 U.S. 742, 756, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), decided along with *McMann* and *Parker,* stands for the proposition that adequate assistance of counsel is a factor which will be examined in determining whether the defendant *intelligently* waived his Fifth Amendment rights by entering a plea of guilty.

256

appellant received from his counsel was not 'within the range of competence demanded of attorneys in criminal cases.' [Citation omitted.]"

448 Pa. at 298, 293 A.2d at 61.

Now, in *Marsh III*, appellant asserts two arguments why this Court should again review the validity of his guilty plea.

■ First, it is asserted on appellant's behalf that *Commonwealth v. Wayman*, 454 Pa. 79, 309 A.2d 784 (1973), overruled the *Marsh I* and *Marsh II* cases as far as the requirement of incompetency of counsel is concerned. This is not so! Ever since *Marsh I*, we have studiously followed the three-pronged test from *McMann v. Richardson, supra*, in examining the validity of guilty pleas. *Commonwealth v. Velez*, 455 Pa. 434, 317 A.2d 252 (1974); *Commonwealth v. Butler*, 454 Pa. 95, 309 A.2d 720 (filed October 3, 1973, the same day that the *Wayman* opinion was filed); *Commonwealth v. Dennis*, 451 Pa. 340, 304 A.2d 111 (1973); *Commonwealth v. Tolbert*, 450 Pa. 149, 299 A.2d 252 (1973); *Commonwealth v. Taylor*, 449 Pa. 345, 296 A.2d 823 (1972); *Commonwealth v. Reagen*, 447 Pa. 186, 290 A.2d 241 (1972). In *Wayman*, the appellant directly appealed his entry of guilty pleas to several charges of burglary. The record was remanded to the trial court for the filing of appropriate post-trial motions with instructions to the trial court to hold an evidentiary hearing in order to determine whether or not the guilty pleas were primarily motivated by an illegally obtained confession. On that part of the *McMann* test, the record was totally insufficient for this Court to make a determination. This Court thus recognized the right of an appellant to have an evidentiary hearing when he alleges facts which are outside the record. *Commonwealth v. Godfrey*, 434 Pa. 532, 254 A.2d 923 (1969) (Roberts, J., concurring); *Commonwealth v. Kelly*, 436 Pa. 21, 258 A.2d 325

(1969). *Wayman* did not purport to change the rule which we relied upon in *Marsh I* and *Marsh II*. The tripartite test is still viable. Even after Wayman received the evidentiary hearing to which he was entitled on the issue of motivation for the pleas, he would still have had to prove incompetency of counsel. The *Wayman* decision postponed a determination on ineffective assistance of counsel only to grant Wayman his legal entitlement to an evidentiary hearing.

■ Secondly, appellant contends that we should allow him the opportunity to present facts at an evidentiary hearing which would bolster his claim of ineffective assistance of counsel. Even ignoring the *res judicata* principle, appellant is not entitled to a hearing. In *Marsh II*, the legal determination of adequate assistance of counsel was made by reviewing the ample body of facts within the record. Our standard for review of alleged ineffective assistance of counsel is taken from *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967), wherein Justice Roberts stated for the majority:

> "Our task in cases of this nature therefore encompasses both an independent review of the record, see *Commonwealth ex rel. Sprangle v. Maroney*, 423 Pa. 589, 225 A.2d 236 (1967), and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. . . . [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record."

*See also Commonwealth v. Taylor*, 449 Pa. 345, 296 A.2d 823 (1972); *Commonwealth v. Ward*, 442 Pa. 351, 354, 275 A.2d 92, 94 (1971).

There are sufficient facts within the record now, as there were in *Marsh II*, for this Court to determine that the alternative of pleading guilty was one for which there is a reasonable basis. Since these facts appear in the record, appellant was not entitled to an evidentiary hearing.

Order affirmed.

ROBERTS, J., filed a concurring opinion.

POMEROY, J., filed a concurring opinion.

NIX, J., filed a dissenting opinion in which MANDERINO, J., joined.

POMEROY, Justice (concurring).

In my dissent from the majority opinion in *Commonwealth v. Wayman*, 454 Pa. 79, 309 A.2d 784 (1973), I expressed the fear that the effect of that decision was to overrule, *sub silentio*, the rule enunciated in *Commonwealth v. Marsh*, 440 Pa. 590, 271 A.2d 481 (1970).[1] Because the Court today, speaking through Mr. Chief Justice Jones, indicates that this apprehension was unfounded, I gladly concur in the judgment.

I am compelled to comment, however, upon the view expressed by Mr. Justice Roberts in his concurring opinion that rules of finality embodied in the Post Conviction Hearing Act[2] bar appellant's attempt to litigate this issue. Section 3(c)(12) of the Act provides that a person is eligible for post-conviction relief if he can prove:

"(12) The abridgement . . . of any right guaranteed by the constitution or the laws of this State or the constitution or laws of the United

---

1. See *Commonwealth v. Wayman*, supra (dissenting opinion of this writer).

2. Act of January 25, 1966, P.L. 1580, 19 P.S. § 1180 et seq., (Supp.1974).

States, *including a right that was not recognized as existing at the time of the trial if the constitution requires retrospective application of that right;"* (Emphasis added).

In the instant case, appellant sought to establish that *Commonwealth v. Wayman* did effect a change in existing law; that it is a decision of constitutional dimension; and that it ought to be retrospectively applied. Although he failed to clear the first hurdle of the standard set forth in § 3(c)(12) of the statute, i. e. that the decision in *Wayman* wrought a change in the law as it existed when *Marsh II* was decided, he was, nevertheless, by the very terms of the Post-Conviction Hearing Act entitled to raise the argument. It is, therefore, this Court's duty to decide it on the merits.

ROBERTS, Justice (concurring).

The sole issue raised in this proceeding under the Post Conviction Hearing Act * is the validity of petitioner's guilty plea. That issue was before us in *Commonwealth v. Marsh*, 440 Pa. 590, 271 A.2d 481 (1970) (*Marsh I*), and *Commonwealth v. Marsh*, 448 Pa. 292, 293 A.2d 57 (1971) (*Marsh II*). In *Marsh I* it was held that petitioner had failed to establish the facts necessary to obtain relief from his plea. However, because illegally obtained evidence was utilized at petitioner's degree of guilt hearing, a remand was required. On remand, the trial court permitted petitioner to introduce new evidence bearing on the validity of the plea and again denied relief from the plea. In *Marsh II*, we passed on the merits of petitioner's claim on the full record established on remand and affirmed the denial of relief.

Consequently, the petitioner's claim is finally litigated, 19 P.S. § 1180-4(a)(2), and may not be raised in this

---

* Act of July 25, 1966, P.L. [1965] 1580, 19 P.S. §§ 1180-1 to 1180-12 (Supp.1974).

proceeding. 19 P.S. 1180–3(d); *Commonwealth v. Slavik*, 449 Pa. 424, 297 A.2d 920 (1972). Because the only claim presented has been finally litigated, I concur in the result.

NIX, Justice (dissenting).

I dissent for the reasons expressed in my dissenting opinion in *Commonwealth v. Taylor*, 449 Pa. 345, 351, 296 A.2d 823 (1972).

MANDERINO, J., joins in this dissenting opinion.