350 A.2d 404

**COMMONWEALTH of Pennsylvania**

**v.**

**Dempsey McCRARY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 24, 1975.

Decided Jan. 29, 1976.

John C. Anderson, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Francis C. Barbieri, Jr., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Judgment of sentence affirmed.

ROBERTS, J., filed a dissenting opinion in which NIX and MANDERINO, JJ., join.

ROBERTS, Justice.

Appellant Dempsey McCray alleges that his guilty plea was motivated by an illegally obtained confession. The majority refuses to grant him relief because he is unable

to satisfy the third portion of the *Marsh** test which requires that appellant, in order to obtain relief on his claim, show that he was assisted by ineffective trial counsel when he entered his guilty plea. As this case illustrates, there are practically no circumstances in which the third portion of the test can be satisfied. If the Commonwealth has unconstitutionally obtained a confession, and a suppression court refuses to suppress it, a defendant charged with murder, as was appellant, is faced with two choices: (1) he may preserve his claim by standing trial with the risk of being found guilty of first degree murder or (2) he can plead guilty to second degree murder. In such circumstances, it would almost never be ineffective for trial counsel to recommend a guilty plea. Thus the third portion of the *Marsh* test is little more than a subtle means by which the majority deprives appellants of the opportunity to vindicate their constitutional claims in the courts of the Commonwealth.

I therefore remain of the view that "if appellant can establish that his confession was in fact unconstitutionally obtained and that it induced his plea, the plea should be invalidated without a showing of incompetent advice by counsel . . . ." *Commonwealth v. Taylor,* 449 Pa. 345, 355, 296 A.2d 823, 828 (1972) (dissenting opinion of Nix, J., joined by Roberts & Manderino, JJ.).

NIX and MANDERINO, JJ., join in this dissenting opinion.

* *Commonwealth v. Marsh,* 460 Pa. 253, 333 A.2d 181 (1975). Mr. Justice Nix, Mr. Justice Manderino and I have repeatedly noted our fundamental disagreement with the third portion of the *Marsh* test. See, *e. g., Commonwealth v. Zakrzewski,* 460 Pa. 528, ——, 333 A.2d 898, 901 (1975); *Commonwealth v. Taylor,* 449 Pa. 345, 355, 296 A.2d 823, 828 (1972).