369 A.2d 866
**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Jeffrey Kent HEROLD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 1, 1976.

Decided Feb. 18, 1977.

Philip D. Freedman, Harrisburg, and J. Richard Oare, Jr., York, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On November 27, 1974, appellant Jeffrey Kent Herold was arraigned on a charge of possession of a controlled substance, and elected to plead guilty. On January 3, 1975, testimony was taken to establish a factual basis for the charge. No petition to withdraw the guilty plea was filed,[1] and appellant was sentenced on February 25, 1975, to a term of one to three years imprisonment. No direct appeal was taken; however, on April 24, 1975, appellant filed a petition under the Post Conviction Hearing Act[2] alleging that his counsel was ineffective in failing to file an appeal challenging (a) the validity of his guilty plea and (b) the legality of his sentence. The lower court, by Order dated June 11, 1975, denied appellant's petition

---

1. The events of this case preceded our decision in *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975), in which we stated that proper procedure for challenging the validity of a guilty plea would be to file a petition in the lower court for permission to withdraw the plea.

2. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180-1 *et seq.* (Supp. 1975-76).

without granting him a hearing.  Appeal was taken to our Court from this Order.

Ordinarily, a defendant who wishes to challenge the validity of his guilty plea must do so by filing with the lower court a petition to withdraw the plea. *Commonwealth v. Roberts, supra.*  The purpose of this rule is to give the lower courts an opportunity to correct errors, if there be any, and thereby possibly avoid unnecessary appeals.  Similarly, it would promote judicial economy if defendants were to petition the sentencing courts for correction of allegedly-illegal sentences prior to appealing to the Superior Court.  In the case before us, although neither a petition to correct the sentence nor a petition to withdraw the guilty plea was filed, appellant has coupled his arguments with an allegation of ineffective assistance of counsel and has raised the issues in a petition under the Post Conviction Hearing Act. The matter is therefore properly before us at this time.

Although Sections 1180–3 and 4 of the Post Conviction Hearing Act specify that a defendant's failure to appeal or to raise issues at the proper time gives rise to a rebuttable presumption that such failure was knowing and understanding, our Supreme Court has ruled that an issue may not be finally litigated or waived if the defendant was denied effective assistance of counsel.  *Commonwealth v. Musser,* 463 Pa. 85, 343 A.2d 354 (1975).  In *Musser,* a defendant had filed a PCHA petition alleging an involuntary guilty plea and ineffective assistance of counsel.  The lower court denied the petition without granting a hearing, and the Supreme Court remanded the case for a hearing on the petition.  In the case before us, the notes of testimony of the arraignment proceeding of November 27, 1974 indicate that appellant may have entered his guilty plea in reliance on the statement of the attorney for the Commonwealth that the maximum possible sentence would be one year.  Unlike the appellant in *Commonwealth v. O'Neill,* 451 Pa. 458,

304 A.2d 108 (1973), who was merely never advised of the permissible range of the sentence which could be imposed on him, appellant in the case before us was actually misinformed on the record as to the maximum possible sentence. It is possible that appellant was privately aware of the correct maximum sentence, or that appellant's attorney privately informed appellant and that appellant knowingly and understandingly decided not to pursue his appeal rights. It is impossible, however, for our Court to make such a determination from the record available to us; accordingly we remand to the lower court for a hearing to determine the validity of the various issues raised by appellant's petition for post-conviction relief. If after the hearing the court below determines:

a) that defense counsel was ineffective, or

b) that the guilty plea was invalid and there was no knowing and understanding waiver of the issue of invalidity of the guilty plea,

then the sentence shall be vacated and the appellant granted a new trial.

If on the other hand, the court after the hearing should determine:

a) that defense counsel was effective, and

b) that the guilty plea was valid, or if invalid, that there was a knowing and understanding waiver of the issue of invalidity of the guilty plea,

then the judgment of sentence shall be affirmed, unless the court should determine that the sentence was illegal, in which event the court shall correct the sentence.

Remanded with a procedendo.

SPAETH, J., concurs in the result.