385 A.2d 410

**COMMONWEALTH of Pennsylvania**

v.

**Ronald Eugene PAYTON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided April 13, 1978.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

After a non-jury trial on June 16, 1976, appellant was convicted of receiving stolen property.[1] Appellant failed to file post-verdict motions and was sentenced to serve a term of one to five years imprisonment. This sentence was not appealed.

On August 30, 1976, appellant filed a pro se PCHA petition.[2] The Dauphin County Public Defender filed a supplemental petition alleging that appellant's conviction resulted from a violation of the constitutional right to confrontation at trial, the introduction of evidence which was the fruit of an illegal search and seizure, and the denial of the right to effective assistance of counsel. The Public Defender also petitioned the court, pursuant to *Commonwealth v. Crowther,* 241 Pa.Super. 446, 361 A.2d 861 (1976), for the appointment of counsel not associated with his office. This petition was granted, and independent counsel was appointed.

In its Memorandum Opinion and Order, dated October 18, 1976, the lower court found that appellant's claims were

1. 18 Pa.C.S. § 3925.

2. Act of January 25, 1966, P.L. (1965) 1580, § 1 [19 P.S. § 1180—1 (Supp.1977–78)] *et seq.*

without merit and dismissed the PCHA petition without a hearing.

▮ A PCHA petition must include all facts in support of the alleged error on which the petition is based. PCHA § 5(a)(1), [19 P.S. § 1180—5(a)(1)]. Section 9 of the Act provides in part as follows:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner." 19 P.S. § 1180—9.

Appellant now claims that trial counsel was ineffective for failing to move to suppress the physical evidence obtained during the search of the automobile and for failing to object to alleged hearsay statements at trial. If upon examination of the record we can determine that the claims are "patently frivolous" there is no need to remand for an evidentiary hearing.[3]

▮ In his PCHA petition, appellant asserts the following facts in support of his suppression claim. On November 14, 1975, at approximately 9:45 p. m., a watchman employed by Harrisburg Cold Storage, a warehousing concern, observed four men removing cartons from the building and placing them in a light colored Chrysler bearing registration number 02Y934. At 11:10 p. m., Officer Jacob Vucenic and his partner, with knowledge of the above information, observed the suspect vehicle parked near a cafe. The officers observed two men leave the cafe and join two other men in the car. When the occupants observed the police, they drove away. The police followed, and a high speed chase ensued. Ultimately, the vehicle was stopped and the occupants were arrested. Appellant, the registered owner of the automo-

---

3. Moreover, if the claims are without merit, it is unnecessary to remand for a determination of whether counsel's acts had some reasonable basis designed to effectuate his client's interests. Counsel cannot be found ineffective for failing to assert a baseless claim.

bile, was sitting in the front passenger seat. Upon searching the passenger compartment, the officers discovered a package of frozen food on the rear floor. This was identified as part of the merchandise taken from the warehouse.[4]

In his brief appellant states that "[t]here is no question that a search such as that in the instant case would be valid if incident to a lawful arrest of appellant." Appellant contends that because the arresting officers had no specific description matching appellant, they were not aware of the facts from which they could conclude that appellant was involved. This claim is without merit.

"Probable cause exists if the facts and circumstances which are within the knowledge of the officer at the time of arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Culmer*, 463 Pa. 189, 195, 344 A.2d 487, 490 (1975).

In the instant case, there was no question that a crime had been committed and that the suspect automobile was involved in the crime. The arresting officers also knew that four black males had participated in the theft, which occurred only an hour and a half prior to the sighting near the cafe. These facts alone support a finding of probable cause to arrest the four occupants of the car.[5] Based on appellant's concession in his argument, we need not proceed further with this issue.

4. The total value of the items taken was $446.42. Some of the merchandise was apparently never recovered.

5. At one point during the chase, the police lost sight of appellant's automobile. They circled the block and observed the vehicle pulling away from the residence located at 2700 Lexington Street. After the occupants of the car had been arrested, the police returned to 2700 Lexington Street in response to a radio report. A woman who lived there told the police that some men had thrown something over a fence into her back yard. She also gave the officers a partial license number of the getaway car. This number matched the first four characters on appellant's automobile registration. Upon investigating, the officers found five frozen turkeys and ten other packages of frozen food.

Appellant also contends that trial counsel was ineffective in failing to object to alleged hearsay testimony. The relevant testimony consisted of the following.

"BY MR. LEWIS [Deputy District Attorney]:

Q. Now, we are at 10 after 11. What happened?

A. We spotted the vehicle parked at the east curb on Jefferson Street, at Oak Street, right alongside of Kinley's Cafe. At this time there was two persons in the rear seat of this vehicle, sitting inside the car, which were later found to be Taylor and Robinson, who had already been tried. At this time another suspect, being Mepps, was at the driver's side of this vehicle. *Through investigation I had learned that the defendant who is sitting here today, Mr. Payton there, had already entered the cafe when we observed the vehicle, and he had come out and got in the passenger's side.*" (NT 4) (emphasis added).

"BY MR. STONE [Defense Counsel]:

Q. If I recall correctly, didn't you say that through investigation you found out that Mr. Payton was inside the cafe?

A. *This was from a witness that would not testify. I did find through investigation that he was in there trying to—*

Q. He was within the cafe?

A. *—get rid of the turkeys.* Okay right. He came out and got in the passenger side, as I was watching the vehicle.

Q. At no time did you observe Mr. Payton driving the vehicle?

A. No. He was a passenger at that time." (NT 7) (emphasis added).

First, a review of the trial transcript reveals that appellant's sole defense involved an attempt to demonstrate that the Commonwealth could not produce sufficient evi-

dence to place appellant with the thieves prior to the chase.[6] The first above quoted question by defense counsel was obviously directed to this argument. Counsel, by his question to Officer Vucenic, obviously hoped to break the chain of circumstantial evidence linking appellant to the stolen goods by establishing that he had been in the cafe. The fact is that counsel did not receive the answer for which he had hoped. It is important to note in this regard that PCHA counsel does not contend that trial counsel was ineffective for asking the particular question or for not moving to strike the answer on the ground that it was not responsive to his question. Trial counsel could not have successfully objected to the hearsay nature of the response which he solicited. *E. g., Commonwealth v. Dalton*, 199 Pa.Super. 388, 185 A.2d 653 (1962). In this posture, trial counsel cannot be found ineffective for failing to object since he would not have been successful if the objection had been made.

The only remaining question is whether trial counsel was ineffective in failing to object to Officer Vucenic's assertion on direct examination that "through investigation [he] had learned that the defendant . . . had already entered the cafe when we observed the vehicle . . . ." This statement, standing alone, was not prejudicial to appellant. Officer Vucenic testified that when he first observed the vehicle, it was occupied by two people. The officer observed two other individuals leave the cafe and enter the car immediately prior to the chase. The hearsay statement established that appellant had been in the cafe. This was completely consistent with defense strategy.

■■ The test for determining whether counsel was constitutionally effective "is not whether other alternatives were more reasonable, employing a hindsight review of the record . . . . [T]he balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Commonwealth v. Turner*, 469 Pa. 319, 323, 365 A.2d 847, 849 (1977).

---

**6.** This effort was partially successful since the lower court sustained a demurrer to the burglary charge.

Where it is impossible to tell from the record whether or not the action of trial counsel could have had a rational basis, an appellate court will remand the case for an evidentiary hearing to determine the reason for trial counsel's course of action. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). This remedy, however, "is [not] appropriate if from the record it is apparent that the actions claimed to constitute ineffectiveness were in fact within the realm of trial tactics or strategy." *Commonwealth v. Turner, supra* 469 Pa. at 324, 365 A.2d at 849 (footnote omitted). Because we conclude, from the record, that the matter at issue in the instant case involved a legitimate decision as to trial strategy, we find that appellant's claim is baseless.

The order of the lower court is, therefore, affirmed.

SPAETH, J., concurs in the result.

HOFFMAN, J., dissents and would remand for a hearing on appellant's Post Conviction Hearing Act petition.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.