420 A.2d 413

**COMMONWEALTH of Pennsylvania**

v.

**Robert Carol TAYLOR.**

Supreme Court of Pennsylvania.

Submitted May 19, 1980.

Decided Sept. 22, 1980.

Laurence T. Himes, Jr., York, for appellant.

Sheryl Ann Dorney, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

KAUFFMAN, Justice.

On October 4, 1976, after a non jury trial, appellant, Robert Carol Taylor, was convicted of burglary and murder of the second degree. No post–verdict motions were filed, and appellant was sentenced to life imprisonment. No direct appeal was taken. In April 1977, appellant filed a petition under the Post Conviction Hearing Act (PCHA).[1] After a counseled evidentiary hearing, appellant's request for relief was denied. This appeal followed.[2]

Appellant advances but a single claim–that his trial counsel was ineffective because he failed to file a motion to suppress an allegedly involuntary confession. The PCHA court found this claim to be without merit. We agree.

It is well established that "counsel's assistance is deemed constitutionally effective once we are able to conclude that the course chosen by counsel had some reasonable basis designed to effectuate his client's interest." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original). Counsel will not be found ineffective unless the course "not chosen offered a potential for success substantially greater than the tactics actually utilized." *Id.,* 427 Pa. at 605, 235 A.2d at 353. Thus, " 'counsel cannot be found ineffective for failing to assert a meritless claim'." *Commonwealth v. Johnson,* 490 Pa. 312, 416 A.2d 485 (1980); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

After hearing testimony from appellant, trial counsel, and two police officers, the PCHA court rejected appellant's version of the facts and concluded that his confession was given voluntarily. The record contains competent evidence to support such a conclusion, and we will not disturb it on

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.,* 19 P.S. § 1180–1 *et seq.* (Pamph. 1979–80).

2. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2 *as amended,* 42 Pa.C.S.A. § 722(1) (Pamph. 1979).

appeal.[3] See *Commonwealth v. Minnick*, 432 Pa. 462, 464, 247 A.2d 569, 571 (1968). Thus, counsel was not ineffective for failing to assert an unsupported claim.

Order of the PCHA court affirmed.

LARSEN, J., concurs in the result.

**3.** Appellant's claim is based primarily on his own testimony, most of which the PCHA court found unworthy of belief. At the hearing, appellant stated that he confessed because the police (1) promised to drop charges against his girlfriend, (2) promised he would receive a sentence of only ten to twenty years, and (3) threatened him with the death penalty if he refused to cooperate or consulted his attorney. Significantly, appellant admits that he never told his counsel about the alleged promise of a lenient sentence and the alleged threat of the death penalty. These allegations were made for the first time at the PCHA hearing.