445 A.2d 156

**COMMONWEALTH of Pennsylvania**

v.

**Lee Roy SWIFT, Appellant.**

Superior Court of Pennsylvania.

Submitted May 22, 1981.

Filed April 30, 1982.

Steve P. Leskinen, Uniontown, for appellant.

Gerald Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before HESTER, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from the order dismissing appellant's PCHA petition[1] after a hearing. We vacate the order and remand for further proceedings consistent with this opinion.

Originally, appellant entered a plea of not guilty and moved for the suppression of statements which he had given to the police subsequent to his arrest. The suppression court denied the motion. Appellant then withdrew his plea of not guilty.

On June 8, 1977, appellant then entered guilty pleas to multiple counts of burglary, arson, and related crimes, and he subsequently was sentenced to a period of incarceration. No direct appeal was taken from the judgment of sentence.

1. The Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S.A. § 1180–1 *et seq.* (1981–2).

Some two and a half years later, appellant filed a *pro se* PCHA petition alleging primarily that his citizen's arrest was accomplished unlawfully; that subsequent statements given by him and evidence obtained from his home were procured in violation of his constitutional rights; that his original counsel was ineffective for failing to appeal the denial of his suppression motion, all of which motivated him to enter guilty pleas and thus rendering such pleas defective.

Counsel was appointed for appellant and a hearing was held on the petition on August 14, 1980. The petition was dismissed, and this appeal followed.

Appellant contends that the court below improperly restricted the post conviction hearing to a review of the guilty plea colloquy, and should have allowed appellant to present evidence in support of his claim that his guilty plea was induced improperly because of the existence of constitutionally infirm evidence (i.e., his arrest, statements given by him and other physical evidence was illegally obtained), and because counsel was ineffective for advising him to enter a plea of guilty rather than to stand trial.

We agree, and therefore, the matter is remanded for an evidentiary hearing.

To begin with, appellant's allegations that he should be permitted to withdraw his guilty plea because it was motivated primarily by illegally obtained evidence and was entered on the ineffective advice of counsel, if proven, would justify the relief sought. See *Commonwealth v. Williams*, 485 Pa. 137, 140 ftn. 2, 401 A.2d 331, 333 ftn. 2 (1979).

In *Commonwealth v. Marsh*, 460 Pa. 253, 333 A.2d 181, 182 (1975), our Supreme Court applied the United States Supreme Court's tripartite standard for invalidating guilty pleas. That standard requires that:

"A defendant who wishes to set aside a guilty plea must successfully demonstrate *all* of the following: (1) the existence of constitutionally infirm evidence; (2) that his guilty plea was primarily motivated by such evidence; and (3) that defendant was incompetently advised by

counsel to plead guilty rather than stand trial." *Id.* (Emphasis Added). Accord *Commonwealth v. Miller*, 494 Pa. 229, 235, 431 A.2d 233, 236 (1981); *Commonwealth v. Maute*, 263 Pa.Super. 220, 225, 397 A.2d 826, 829 (1979); See Also *Commonwealth v. Velez*, 455 Pa. 434, 440 ftn. 2, 317 A.2d 252, 253 ftn. 2 (1974) (the same criteria apply whether the attack is through a collateral proceeding or on direct appeal).[2]

The PCHA court denied appellant's petition because it felt that the "plea was freely and voluntarily given" and that "if the plea was voluntary, the issue of the suppression of evidence and ineffective assistance of counsel in connection with it is deemed to be waived. *Commonwealth v. LaSane*, 479 Pa. 629, 389 A.2d 48 (1978)." Trial Court Opinion at 1–2. This conclusion by the PCHA court was in error.

A reading of *Commonwealth v. LaSane, supra,* offers some insight into the issue before us. In *LaSane*, the defendant sought to have the statement suppressed; however, that motion was denied. Subsequently, a PCHA petition was filed alleging *inter alia* that LaSane's guilty plea should be withdrawn because the record failed to show that it was knowing, intelligent, and voluntary. LaSane also alleged that counsel was ineffective because at the time the guilty plea was entered he "did not adequately prepare

2. A PCHA petition is the incorrect procedure by which to challenge the validity of a guilty plea. That issue, we have said, "is more properly presented by a motion filed with the sentencing court requesting leave to withdraw the plea. *Commonwealth v. Dowling*, 482 Pa. 608, 394 A.2d 488 (1978); *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975); *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975) . . . Subsequent cases have made it clear, however, that if the challenge to the plea is appended to an additional allegation, such as ineffective counsel, then a PCHA petition is a proper procedure by which to bring the matter before the court. *Commonwealth v. Robinson*, 253 Pa.Super. 496 fn. 3, 385 A.2d 448 fn. 3 (1978) . . .; *Commonwealth v. Herold*, 246 Pa.Super. 170, 369 A.2d 866 (1977)." *Commonwealth v. Maute*, supra, 263 Pa. at 224, 397 A.2d at 827–828. (footnote omitted). Accordingly, as appellant's claim concerning the validity of his guilty plea is appended to a claim that counsel was ineffective, that issue is properly before us. See *Commonwealth v. Miller*, supra.

before advising him to plead guilty in that [counsel] did not review the . . . decision of the court on the suppression application to evaluate the chances of having the denial [order] reversed on appeal". *Commonwealth v. LaSane, Id.*, 479 Pa. at 634, 389 A.2d at 50 (footnotes omitted). The PCHA court dismissed appellant's allegation. On appeal, this Court could not evaluate the adequacy of the guilty plea colloquy inasmuch as LaSane's failure to raise the issue on direct appeal and his failure to allege any extraordinary circumstances rendered the issue waived. Nonetheless, this finding of waiver was not dispositive of the underlying issue of whether this Court could review the suppression claim advanced by LaSane in connection with the ineffective assistance of counsel claim.

Rather, this Court said:

*"LaSane does not now advance any legal or factual reasons to support a conclusion that his confession was illegally obtained.*\*

---

\* It is not specifically claimed [that] the suppression court's order was legally incorrect nor is any reason advanced to support such a conclusion."

*Commonwealth v. LaSane, supra, Id.*, 479 Pa. at 635, 389 A.2d at 51. (emphasis in original).

Thus, the defendant's failure to "advance any legal or factual reasons to support a conclusion that his confession was illegally obtained," *id.*, foreclosed an examination of the underlying suppression issue and the ineffective assistance of counsel claim appended thereto and *not*, as the PCHA court incorrectly stated below "if the plea was voluntary, the issue of the *suppression* of evidence and ineffective assistance of counsel in connection with it is deemed to be waived. *Commonwealth v. LaSane* [supra] . . . ." Trial Court Opinion at 1–2. (Emphasis added).

Instantly, unlike in *LaSane*, we are confronted with a situation where appellant alleged that his citizen's arrest, his confession, and the evidence seized from his home were all obtained in violation of his constitutional rights. Brief for Appellant, at 2. In support of his claim, appellant advanced the following facts:

"That on February 1, 1977, at approximately 5:00 p. m., Donald Zinn, James Frey and William Sackett, all private citizens came to petitioner's residence and at gun point took him from the confines of his home and placed him in a pick-up truck. Having been detained in said truck momentarily, the police were summoned who subsequently took him into custody. The basis for this apparent 'citizen's arrest' was the alleged burglary of Zinn's Service Station. That a subsequent and warrantless search of petitioner's home by the police uncovered five hundred dollars ($500.00) in cash and a set of automobile tires (four)."

Donald Zinn is the owner of that Service Station. This burglary and related offenses is the Commonwealth's case at No. 137 Criminal Action, 1977. PCHA Pro Se Brief for Appellant at 1.

Thus, an examination of the suppression issue and the ineffective assistance of counsel claim appended thereto is in order because appellant "advance[d] . . . legal or factual reasons to support a conclusion that [certain evidence] was illegally obtained". *Commonwealth v. LaSane*, 479 Pa. at 635, 389 A.2d at 51.[3]

■ As to appellant's claim that he has a right to be heard on the issue of "the existence of constitutionally infirm evidence and that defendant was incompetently advised by counsel to plead guilty rather than stand trial", see *Commonwealth v. Marsh*, 460 Pa. at 255, 333 A.2d at 182, we must remember the following:

**3.** Appellant also argued inferentially that the "suppression court's order was legally incorrect," *Commonwealth v. LaSane*, supra, 479 Pa. at 635, 389 A.2d at 51, when he said the following:
"At the hearing on this matter the PCHA Court sustained the District Attorney's objection to the admission of any evidence *dealing with suppression of evidence* or with ineffective assistance of counsel. The Court then ruled (in the attached opinion filed December 5, 1980) that the Defendant's guilty plea was voluntarily and intelligently entered, *even though entered on the basis of evidence that may have been seized in violation of the Defendant's constitutional rights.*" Brief for Appellant, at 2. (Emphasis added).

"If a petitioner alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding."

19 P.S. § 1180–9.

We also have said that:

"[w]hile the right to an evidentiary hearing is not absolute [*Commonwealth v. Cimaszewski*, 234 Pa.Super. 299, 339 A.2d 95 (1975)]; unless the PCHA court is certain of the total lack of merit of an issue raised in a PCHA petition, a hearing should be held on the issue. *Commonwealth v. Laboy*, 460 Pa. 466, 333 A.2d 868 (1975)." *Commonwealth v. Rhodes*, 272 Pa.Super. 546, 555, 416 A.2d 1031, 1036 (1979).

Thus, when the PCHA court has denied a petitioner the right to be heard on an issue, we on appeal will affirm the court's order if upon an examination of the record we also can determine that the claims raised in the petition are patently frivolous. *Commonwealth v. Taylor*, 491 Pa. 205, 206, 420 A.2d 413, 414 (1980). We will remand for an evidentiary hearing on the petition only when it is impossible to tell from the record whether appellant's petition was frivolous and without support. *Commonwealth v. Payton*, 253 Pa.Super. 422, 385 A.2d 410, 412, 414 (1978); *Commonwealth v. Strader*, 262 Pa.Super. 166, 171, 396 A.2d 697, 700 (1978).

Our own independent examination of the record reveals the following: At the suppression hearing, the only issue raised was whether the confessions were extracted from appellant in a coercive manner. As a result, the issues concerning the validity of the citizen's arrest and the search and seizure of appellant's home were not addressed at the

suppression hearing.[4]   These issues also were not addressed at the PCHA hearing, because as stated above, the PCHA court found the issue of the validity of the arrest, search and seizure, and counsel's ineffectiveness to have been waived because a review of the colloquy revealed that it was entered into knowingly and voluntarily.

Therefore, because "the record does not clearly refute appellant's claim that his plea was unlawfully induced." *Commonwealth v. Strader, supra,* 262 Pa.Super. at 175, 396 A.2d at 702, and "since resolution of the claim is dehors the record, a remand for an evidentiary hearing is necessary so that facts might be found by the trial court."   See also *Commonwealth v. Cooke,* 288 Pa.Super. 205, 210, 431 A.2d 360, 363 (1981).

■   The PCHA court's order dismissing appellant's PCHA challenge is reversed, and the matter is remanded for an evidentiary hearing to determine under *Marsh* : "(1) the existence of constitutionally infirm evidence; (2) that his guilty plea was primarily motivated by such evidence; and (3) that defendant was incompetently advised by counsel to plead guilty rather than stand trial." [5]   *Commonwealth v. Marsh,* 460 Pa. at 255, 333 A.2d at 182.

4.   We note also that the suppression court below entered an order denying the suppression motion without filing findings of fact and conclusions of law as required by Pa.R.Crim.P. 323(i).   Although, this Court is aware of the fact that the appellant did not appeal directly from the suppression order, nonetheless, such noncompliance does a disservice to appellant, the Commonwealth, and the judicial system. See also *Commonwealth v. Strader,* 262 Pa.Super. at 170 ftn. 2, 396 A.2d at 699 ftn. 2 (1978).   Without those findings and conclusions, we are unable to "determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings." *Commonwealth v. Thomas,* 284 Pa.Super. 375, 381, 425 A.2d 1151, 1154 (1981).   However, as discussed above, because the issue of the validity of his citizen's arrest and the search and seizure of appellant's home were not raised at the suppression hearing, the resolution of these issues is dehors the suppression record.

5.   At the PCHA hearing below, appellant "attempted to prove at the hearing that his guilty plea was primarily motivated by the allegedly involuntary confession". *Commonwealth v. Miller, supra,* 494 Pa. at 236, 431 A.2d at 236.   The PCHA court rejected appellant's claim on

If the allegations made under *Commonwealth v. Marsh, supra,* prove to be correct, appellant would be entitled to withdraw the plea and stand trial. If, on the other hand, appellant does not meet the criteria, the relief should be denied. Henceforth, any appeal must be from the order or judgment thus imposed.

The order of the court below is reversed, and the case is remanded for further proceedings consistent with this Opinion.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I dissent. I would affirm on the well reasoned opinion of Judge Cicchetti of the court below.

the basis that the confession must be "the *sole* motivation behind his guilty plea." Trial Court Opinion, at 5. This short summary of the law is incorrect. The existence of the allegedly illegal confession must be a primary and *not* the sole consideration. See *Commonwealth v. Zakrewski,* 460 Pa.Super. 528, 333 A.2d 898, 900 (1975). On remand, the correct legal standard therefore, should be applied.