J-S07030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN CHRISTOPHER BOWEN, III | |
| Appellant | No. 514 MDA 2015 |

Appeal from the PCRA Order February 18, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002096-2010

BEFORE:  BOWES, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED JUNE 01, 2016**

Stephen Christopher Bowen, III, appeals from the order entered in the York County Court of Common Pleas, dated February 18, 2015, dismissing his first petition filed under the Post-Conviction Relief Act ("PCRA")."[1] Bowen seeks relief from the judgment of sentence imposed on June 1, 2011, following his convictions of fleeing or attempting to elude police, driving under the influence (DUI) (general impairment, second offense), reckless driving, careless driving, disregarding traffic lane, driving without a license, DUI (controlled substance – Schedule II or III, second offense), DUI (controlled substance – impaired ability, second offense), DUI (controlled

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

substance – combination alcohol and drugs, second offense), DUI (controlled substance – metabolite, second offense), intentionally possessing a controlled substance by a person not registered, and possession of drug paraphernalia.[2]  On appeal, Bowen raises a plethora of ineffective assistance of counsel claims.  Based on the following, we affirm.

On direct appeal, the trial court thoroughly recounted the factual history of this case in its opinion dated December 12, 2011, which we need not recite here.  **See** Trial Court Opinion, 12/12/2011, at 1-7.  Briefly, we note Bowen's convictions stem from a road rage incident, which involved him tailgating and harassing another driver, as well as a high-speed pursuit and apprehension by officers, which included him crossing state lines and assaulting the responding officers.  Bowen was under the influence of drugs and alcohol at the time of the incident.  A jury trial was held on April 4, 2011, and April 5, 2011, for the fleeing or attempting to elude police charge, a third-degree felony, as well as aggravated assault and resisting arrest. The jury found Bowen guilty of the fleeing or attempting to elude police crime and not guilty of aggravated assault and resisting arrest.  On April 5, 2011, during the trial but prior to jury deliberations, Bowen also pled guilty to the multiple DUI charges, possession of a controlled substance,

---

[2]  75 Pa.C.S. §§ 3733(a), 3802(a)(1), 3736(a), 3714(a), 3309(1), 1501(a), 3802(D)(1)(ii), 3802(D)(2), 3802(D)(3), 3802(D)(1)(iii), and 35 P.S. § 780-113(a)(16) and (a)(32), respectively.

possession of drug paraphernalia, and summary offenses. On June 1, 2011, the court sentenced Bowen to an aggregate term of six and one-half to 15 years' incarceration for all of the convictions. Bowen filed post-sentence motions, which were denied on September 19, 2011. His judgment of sentence was affirmed by a panel of this Court on November 1, 2012,[3] and the Pennsylvania Supreme Court denied his petition for allowance of appeal on April 9, 2013. *See Commonwealth v. Bowen*, 55 A.3d 1254, 1256 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013).

On July 7, 2014, Bowen filed the present, counseled[4] PCRA petition.[5] Two days later, the PCRA court denied his petition as untimely filed. Bowen

---

[3] On direct appeal, Bowen raised sufficiency, weight, discretionary aspects of sentencing, and legality of sentence claims.

[4] Bowen's PCRA counsel is different from his pre-trial, trial, and direct appeal counsel. It is unclear from the record when PCRA counsel was appointed or retained as there is no entry of appearance on the docket.

[5] In his petition, Bowen raised nine issues: (1) pre-trial counsel was ineffective for failing to raise issues related to what initiated the pursuit, which was detrimental at the suppression hearing; (2) pre-trial counsel was ineffective for failing to raise a suppression issue in a pre-trial motion, resulting in the denial of the motion without an evidentiary hearing or argument; (3) trial counsel failed to notify Bowen of the increased penalties associated with the felony fleeing or attempting to elude police charge; (4) Bowen was deprived of a fair trial because he was not informed that the trial court would increase the potential sentence for fleeing or attempting to elude police at the time he entered the guilty plea for DUI; (5) trial counsel was ineffective for failing to inform Bowen that pleading guilty to four counts of DUI prior to trial would remove the second element of the fleeing or attempting to elude police charge from the scope of the jury; (6) Bowen's rights were infringed when multiple guilty pleas were accepted absent an on-
*(Footnote Continued Next Page)*

- 3 -

then filed a motion for reconsideration of the court's July 9, 2014, order.  A hearing was held on August 20, 2014.  At the conclusion of the hearing, the court vacated its original order, acknowledging it had miscalculated the time period for filing a petition.  The matter proceeded to a PCRA evidentiary hearing on December 1, 2014.  On February 17, 2015, the PCRA court entered an order, denying Bowen's petition.  Specifically, the court opined:

> We find the issues complained of with respect to the omnibus pretrial motion to suppress lack arguable merit, and that counsel was not ineffective for failing to raise the meritless issues.  We further find [Bowen] suffered no prejudice as a result of pleading guilty to the DUI charge, as the record shows [Bowen] admitted to the elements of the DUI charge while testifying at trial. Further, we find the record is sufficient to sustain a felony fleeing and alluding [sic] conviction regardless of [Bowen's] guilty plea as to the DUI, as [Bowen] was driving dangerously at high speeds and crossed state lines during the pursuit.  Thus, the issues raised by [Bowen] would not have changed the outcome of his case.

Order, 2/18/2015.  This timely appeal followed.[6]

_____
*(Footnote Continued)* _____

the-record inquiry to determine whether he voluntarily and knowingly entered those pleas; (7) trial counsel was ineffective for failing to raise the suppression issue at trial as the court had instructed him to do; (8) trial counsel was ineffective for failing to file a motion for judgment of acquittal after the close of the Commonwealth's case-in-chief pursuant to Pa.R.Crim.P. 720 on the basis that the police did not have sufficient probable cause to pursue him across state lines; and (9) appellate counsel was ineffective for failing to raise the above-stated issues during post-sentence motions or on direct appeal.  ***See*** Bowen's Motion for Post Conviction Collateral Relief, 7/7/2014, at 3-5.

[6]  On March 23, 2015, the PCRA court ordered Bowen to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).
*(Footnote Continued Next Page)*

Bowen has identified the following six issues of contention in his appellate brief:

> 1. Did the Trial Court commit an error of law by finding no infringement of [Bowen]'s rights although multiple guilty pleas were accepted absent an on the record colloquy as required by Pa.R.Crim.P. 590 and case law interpreting the same.
>
> 2. Did the Trial Court err in failing to address the issue of compliance with Pa.R.Crim.P. 590 in the Order denying the PCRA Petition?
>
> 3. Did the Trial Court err in finding that pre-trial counsel's omnibus motion lacked arguable merit and trial counsel was not ineffective for failing to raise the issue at trial when trial counsel admitted he did not research the issue and no case law demonstrating lack of merit was cited?
>
> 4. Did the Trial Court err in denying the PCRA Petition without properly addressing trial counsel's ineffectiveness raised by [Bowen] in that trial counsel:
>
>    a. failed to notify [Bowen] that entering a plea of guilty prior to [the] verdict would remove the second prong of a Fleeing or Attempting to Elude charge from the scope of the jury;
>
>    b. failed to inform [Bowen] that the potential sentences for the Fleeing or Attempting to Elude Police charge would increase at the time [Bowen] entered a guilty plea to the DUI, as a result of said plea;
>
>    c. failed to notify [Bowen] of the increased penalties associated with Third Degree Felony Fleeing or Attempting to Elude Police as opposed to the Second Degree Misdemeanor variety?

*(Footnote Continued)* ────────────

Bowen complied on April 13, 2015. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 1, 2015.

5. Did the Trial Court err in denying the PCRA Petition without properly addressing pre-trial counsel's ineffectiveness for not including all relevant facts in the pre-trial motion to suppress, resulting in a dismissal of said motion prior to an evidentiary hearing or meaningful argument on the issue?

6. Did the Trial Court err in denying the PCRA petition without addressing the issue that [Bowen] raised at his PCRA hearing concerning the grading of the Fleeing and Attempting to Elude charge, namely that he was unaware it was charged as a felony[?]

Bowen's Brief at 4-5.

Our standard and scope of review for the denial of a PCRA petition is well-settled:

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Charleston*, 94 A.3d 1012, 1018-1019 (Pa. Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014).

> To be eligible for PCRA relief, [the a]ppellant must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa.C.S. § 9543(a)(2) (listing, *inter alia*, the ineffective assistance of counsel and the unavailability at the time of trial of exculpatory evidence, which would have changed the outcome of the trial had it been introduced).

*Commonwealth v. Koehler*, 36 A.3d 121, 131-132 (Pa. 2012).

The petitioner must "plead and prove, *inter alia*, that the allegation of error has not been previously litigated or waived. An issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not."

- 6 -

*Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007) (citations omitted), *appeal denied*, 940 A.2d 365 (Pa. 2007).[7] **See also** 42 Pa.C.S. § 9544(b).

Here, Bowen's first issue, which attacks the validity of his guilty plea as unknowing and involuntary, is waived for failure to raise this issue on direct appeal. **See id.**

With respect to Bowen's second claim, that the PCRA court erred in failing to address the issue of compliance with Pa.R.Crim.P. 590 in its February 17, 2015, order, we need not address this issue because Bowen acknowledges the court discussed the argument in its Rule 1925(a) opinion, and "this issue is now moot." Bowen's Brief at 10. Moreover, with respect to Bowen's sixth claim, he does not address it in the argument section of his brief. Therefore, we conclude he has abandoned the claim for appellate review and need not address it further.

Next, in Bowen's third issue, he argues trial counsel was ineffective for failing to raise certain suppression issues at trial. Bowen's Brief at 10. Bowen notes the suppression motion, which raised five issues, including whether the police had reasonable suspicion to initiate the traffic stop and whether the police met the requirements of Maryland law regarding a fresh

---

[7] In **Turetsky**, **supra**, a panel of this Court determined the appellant waived the issue of the validity of his guilty pleas on PCRA appeal because he could have raised the issue on direct appeal, but did not do so. **Id.**

pursuit chase, was not disposed of in preliminary proceedings but the issues were reserved for counsel to re-raise at trial, and counsel failed to do so. *Id.* at 10. He points to the fact that pre-trial counsel testified at the PCRA hearing that the issue of whether reasonable suspicion existed at the time of the stop had merit. *Id.* at 10-11. Bowen asserts: "Due to trial counsel's failure to raise these issues, [Bowen] was precluded from ever testing the [c]onstitutionality of his traffic stop or the subsequent chase across state line." *Id.* at 13. Moreover, he states there was no strategic reason for failing to raise this issue at trial and the failure to do so caused him harm because raising the issue "could have resulted in an [o]rder suppress[ing] a large amount of evidence." *Id.*

With respect to a claim of ineffective assistance of counsel, we are guided by the following:

> It is well-settled that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674, (1984). This Court has described the *Strickland* standard as tripartite by dividing the performance element into two distinct components. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove trial counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.
>
> Regarding the reasonable basis prong of the ineffectiveness test, we will conclude that counsel's chosen strategy lacked a

- 8 -

reasonable basis only if the petitioner proves that the alternative strategy not selected offered a potential for success substantially greater than the course actually pursued. ***Commonwealth v. Koehler***, 614 Pa. 159, 36 A.3d 121, 132 (Pa. 2012). To establish the prejudice prong, the petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. ***Id.***

***Commonwealth v. Elliott***, 80 A.3d 415, 427 (Pa. 2013), *cert. denied*, 135 S.Ct. 50 (U.S. 2014). "[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." ***Commonwealth v. Paddy***, 15 A.3d 431, 443 (Pa. 2011).

Here, the PCRA court noted the following:

At the PCRA hearing, [trial counsel] testified that he was aware that previous counsel was instructed by the court to re-raise previously unresolved or not litigated issues at trial. However, he elected not to raise the issues at trial because he found them to be meritless and wasteful of the court's time and preferred to focus on a jury nullification approach that posed a greater chance of success for [Bowen]. [Trial counsel] discussed the issues with [Bowen] and seeing [Bowen]'s face on the video and the high speeds of the chase led him to believe they would be meritless.

PCRA Court Opinion, 9/1/2015, at 7 (record citations omitted).

We conclude Bowen's claim fails for several reasons. First, we find Bowen fails to explain, other than restating the law, how the officers in his case lacked reasonable suspicion or were violating Maryland law during the fresh pursuit and, therefore, were not authorized to conduct an extra-

jurisdictional traffic stop.[8]   Consequently, other than presenting bald assertions, Bowen has not met his burden in demonstrating the underlying legal issue has arguable merit.   Furthermore, again, Bowen presents boilerplate allegations with respect to the remaining prongs of the ineffectiveness test, particularly counsel's trial strategy.   Trial counsel provided a reasonable basis for his actions at the PCRA hearing, which the court accepted.   Bowen does not explain how the court's ruling constituted an abuse of discretion.   Accordingly, we conclude Bowen's third argument fails and trial counsel cannot be deemed ineffective for failing to raise certain suppression issues at trial.

In Bowen's fourth claim, he alleges trial counsel was ineffective for failing to inform him of the various grading penalties regarding the crime of fleeing or attempting to elude police, for failing to inform him that the potential sentences for fleeing or attempting to elude police would increase because he pled guilty to DUI, and for failing to inform him that pleading guilty to DUI would remove the second element of the fleeing or attempting to elude police crime.   Bowen's Brief at 13-17.

By way of background, Bowen's fleeing or attempting to elude police was graded as a third-degree felony, which is set forth as follows:

---

[8]   Bowen does not address the remaining three suppression issues in his brief.

(2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:

(i) commits a violation of section 3802 (relating to driving under influence of alcohol or controlled substance);

(ii) crosses a State line; or

(iii) endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.

75 Pa.C.S. § 3733(a.2)(2). On the second day of trial, Bowen pled guilty to multiple DUI offenses, which were then applied to the first element of the grading and the jury only had to determine the remaining two elements.

Bowen states the failure to inform a defendant of the maximum possible sentences is not generally reversible error in light of **Commonwealth v. O'Neil**, 304 A.2d 108 (Pa. 1973), but asserts "that had he been informed of the increased penalties associated with the felony fleeing charge as a result of pleading guilty to DUI, he would not have entered the plea." Bowen's Brief at 14. Moreover, Bowen complains he "did not have any discussions with his counsel on how pleading to the DUI would affect the Fleeing or Attempting to Elude, i.e. raise the grading from an [sic] [second-degree misdemeanor] to [a third-degree felony] automatically." **Id.** at 15. Lastly, he argues that because he had a limited colloquy, he "was not advised that the second prong of the fleeing or attempting to elude law enforcement would not be before the scope of the jury." **Id.** at 17. Bowen contends that consequently, his underlying claim had arguable merit, there

was no strategic reason other than mere oversight, and he was prejudiced by the plea because he received a felony sentence. *Id.* at 15.

Here, the PCRA court found the following:

> [Bowen] was always charged with felony fleeing and eluding police from the inception of the case and his pleas to the DUI charges did not alter his charges. [Bowen] testified that he was shown a sentencing guide sheet by [trial counsel] and that the sentencing guide sheet was similar to the one shown at the PCRA hearing by [the prosecutor]. [Bowen] admitted that he did not pay attention to the crime's gradation when shown the sheet but was now able to identify that the sentencing guide lists the crime as an F-3 grade. [Bowen] was under the faulty impression that he was charged with a misdemeanor.

> Even assuming [trial counsel] failed to inform [Bowen] that pleading to the DUI charges would be admitting to one of the elements of felony fleeing and eluding, other evidence existed at trial to prove the felony fleeing and eluding charge. [Bowen] admitted that he did cross state lines from Pennsylvania to Maryland and that the evidence at trial indicated he was driving between seventy to one hundred miles per hour. His pleas to the DUI charges would not have changed the outcome of his trial when the felony fleeing and eluding charge could be proven by other facts such as crossing state lines and driving at dangerous speeds that would satisfy the second prong of the charge.

PCRA Court Opinion, 9/1/2015, at 9 (record citations omitted).

With the principles of ineffective assistance of counsel in mind, we agree with the PCRA court's well-reasoned conclusion. Bowen has not met the third prong of the ineffectiveness test, prejudice, because there was other undisputed evidence presented at trial that was sufficient to justify grading the offense as a third-degree felony. Accordingly, we conclude trial counsel was not ineffective for failing to inform him of the various grading penalties regarding the crime of fleeing or attempting to elude police.

- 12 -

In Bowen's final argument, he contends pre-trial counsel was ineffective for failing to litigate his suppression motion. Bowen's Brief at 18. He states counsel's failure to "include any relevant facts in the motion" lacked any reasonable basis, no explanation was offered by pre-trial counsel, and this caused him prejudice because the motion was never litigated. *Id.*

We again find Bowen's argument amounts to bald assertions, which do not satisfy his burden of proving counsel was ineffective. *See Paddy*, 15 A.3d at. Moreover, as the PCRA court points out:

> [Pre-trial counsel] was counsel of record through the preliminary hearing and through an omnibus pre-trial motion before [Bowen] hired [trial counsel]. [Pre-trial counsel] raised five issues in this motion to suppress including probable cause to initiate the traffic stop, the legal basis for pursuing [Bowen] outside of Pennsylvania, statements made to EMT workers, failure to consent to the blood draw and a denial by [Bowen] of aggressive actions toward the police officers. [Pre-trial counsel] had not received discovery from the Commonwealth prior to filing the suppression motion, however, out of caution he included consent to search the vehicle as one of the issues raised. **All five issues were litigated prior to [trial counsel's] taking over the case and there was preliminary resolution on the issues.** It is unclear to this Court what other facts [Bowen] alleges could have been included prior to the dismissal of the motion to suppress but the five issues raised in the suppression motion were adequately explored prior to [trial counsel's] involvement. [Trial counsel] testified that he was aware he could re-litigate the issues but the issues had no merit and he did not feel that looking into two potential witnesses had merits after reviewing the reports. Counsel is not deemed ineffective for failing to raise meritless issues.

PCRA Court Opinion, 9/1/2015, at 9-10 (record citations omitted) (emphasis added). The record supports the court's determination. Therefore, we

- 13 -

conclude Bowen's final claim is wholly without merit and pre-trial counsel was not ineffective.

Accordingly, we discern no error on the part of the PCRA court in dismissing Bowen's petition and affirm its February 18, 2015, order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2016