467 A.2d 896

COMMONWEALTH of Pennsylvania,

v.

**Arthur HECK, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1983.

Filed Nov. 10, 1983.

Ronald J. Wydo, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

PER CURIAM:

This appeal arises from the denial of appellant's petition under the Post Conviction Hearing Act[1] (hereinafter "PCHA").

Appellant pled guilty to statutory rape on September 13, 1976, and was sentenced four months later to a term of

1. 42 Pa.C.S.A. § 9541 et seq.

imprisonment of five (5) to ten (10) years. The direct appeal filed in this court resulted in our remand of the matter to the trial court on July 12, 1978, permitting the *nunc pro tunc* filing of a petition to withdraw the guilty plea. *Commonwealth v. Heck*, 258 Pa.Super. 602, 391 A.2d 683 (1978). However, no such petition was filed.

Instead, a *pro se* PCHA petition was filed by appellant on November 21, 1978. Counsel was appointed and the petition was subsequently amended. The PCHA court dismissed the amended petition without a hearing on November 26, 1979. This court granted appellant's petition for leave to file the instant appeal *nunc pro tunc* on April 28, 1980.

■ Appellant argues herein that (1) his guilty plea was involuntarily and unintelligently made as his counsel rendered ineffective assistance before and during his guilty plea hearing; (2) his guilty plea colloquy did not meet the requirements of Pa.R.Crim.P. 319(a); [2] and, (3) counsel was ineffective for failing to file a petition to withdraw the guilty plea when this court permitted such filing *nunc pro tunc.*

■ A challenge to the validity of a guilty plea should be addressed in a motion before the sentencing court requesting permission to withdraw the plea. *Commonwealth v. Dowling*, 482 Pa. 608, 394 A.2d 488 (1978). However, if a guilty plea challenge is appended to an ineffective assistance of counsel allegation, the matter may properly be brought before the court in a PCHA petition. *Commonwealth v. Herold*, 246 Pa.Super. 170, 369 A.2d 866 (1977). We, therefore, need not reach appellant's claim of ineffectiveness for failing to file a petition to withdraw his guilty plea as he has challenged that plea in his PCHA petition.

**2.** We note, however, that the certified record before us includes the amended PCHA petition, but not the original which the amended petition references and incorporates, but does not reiterate. The amended petition contains no reference to this claim, thereby necessitating the hereinafter remand for completion of the record, *inter alia*.

*Commonwealth v. Warren,* 264 Pa.Super. 274, 399 A.2d 773 (1979).

■ Although the right to an evidentiary hearing is not an absolute one, a hearing should be held on any issue which the PCHA court is not certain lacks merit. *Commonwealth v. Rhodes,* 272 Pa.Super. 546, 416 A.2d 1031 (1979). We will only remand for an evidentiary hearing if it is not possible to determine from the record whether the petition is frivolous and without support. *Commonwealth v. Payton,* 253 Pa.Super. 422, 385 A.2d 410 (1978). Otherwise, we will affirm if our review of the record evinces that the claims are patently frivolous. *Commonwealth v. Taylor,* 491 Pa. 205, 420 A.2d 413 (1980).

■ The information gleaned from the record before us is insufficient to support a finding of patently frivolous claims. We must, therefore remand the matter for an evidentiary hearing on appellant's claim that ineffective assistance of counsel before and during his guilty plea hearing rendered his plea involuntary and unintelligent.

Remanded for an evidentiary hearing consistent with this opinion, and for completion of the record. Jurisdiction relinquished.

