640 A.2d 1330

COMMONWEALTH of Pennsylvania,

v.

Todd Daniel JONES, Appellant.　(Two Cases)

Superior Court of Pennsylvania.

Argued Jan. 5, 1994.

Filed April 28, 1994.

422

Lynette M. Petruska, Erie, for appellant.

Matthew R. Hayes, Asst. Dist. Atty., Erie, for Com., appellee.

Before ROWLEY, President Judge, and BECK and JOHNSON, JJ.

ROWLEY, President Judge:

In these two separate, but nevertheless related, appeals, Todd Daniel Jones (hereinafter "appellant") challenges both the denial of his petition for post conviction collateral relief, filed pursuant to the Post Conviction Relief Act, (hereinafter "PCRA"), 42 Pa.C.S.A. § 9541 *et seq.*, and also the judgments of sentence imposed upon him following his no contest pleas to several violations of the Controlled Substance, Drug, Device and Cosmetic Act, (hereinafter "Drug Act"), 35 Pa.C.S.A. § 780–101, *et seq.* Having carefully reviewed the record and the legal principles relevant to this appeal, we vacate and remand in both appeals.

The facts relevant to these two appeals were accurately and succinctly stated by the trial court in its August 11, 1993 opinion as follows:

"On January 29, 1991, appellant appeared in court with his counsel, Ian M.C. Murray, Esquire, and at docket number 681 of 1990 pled no contest to [a] Violation of the [Drug Act] (Unlawful delivery), Counts 1, 3, 5, 7, and 9. However, the charge of Criminal Conspiracy, at Counts 2, 4, 6, 8 and 10, was nolle prossed with costs on appellant.

Further[,] at docket number 955 of 1990[,] appellant pled no contest to [a] Violation of the [Drug Act] (Unlawful Delivery), Count 1. Finally, at docket number 1404 of 1990[,] appellant pled no contest to one count of [a] Violation of the [Drug Act] (Unlawful Delivery)."

Thereafter, on March 11, 1991, appellant was sentenced on the foregoing offenses. He received a total aggregate sentence of 8 to 18 years imprisonment, together with costs and restitution, at the three above-noted docket numbers. Several of the sentences were imposed consecutively to one another. A motion to reconsider and modify sentence was filed at all three docket numbers on March 21, 1991. The motion was denied by the trial court.

On May 9, 1991, appellant appeared in court again with his attorney, Ian M.C. Murray, Esquire, and entered pleas of no contest at docket number 699 of 1991 to one count of unlawful delivery of a controlled substance, and also to one count of criminal conspiracy, which related to the delivery charge. Also on that day, appellant was sentenced on these offenses to consecutive terms of imprisonment of 1 to 5 years on each count for a total aggregate sentence of 2 to 10 years [1]. None of the sentences were appealed.

"On July 18, 1991, appellant filed a *pro se* motion for post conviction collateral relief (hereinafter "PCRA") at docket numbers 681, 955 and 1404 of 1990, as well as docket number 699 of 1991. On August 5, 1991[,] the court[,] upon considering appellant's *pro se* PCRA motion[,] appointed Jack E. Grayer, Esquire to represent appellant. Attorney Grayer was ordered to amend or supplement appellant's

---

1. Appellant's sentence on count 1 at docket number 699 of 1991 was made concurrent with the sentence he received at docket number 1404 of 1990.

motion. On August 12, 1991, Attorney Grayer petitioned the court for a continuance to file an amendment to the appellant's PCRA motion[, which] was granted by the court. The court ordered that Attorney Grayer [would] have 30 days after the last transcribed notes of testimony were filed for plea and sentence proceedings in appellant's cases in order to amend the appellant's PCRA motion. However, on October 29, 1991, inasmuch as Attorney Grayer failed to file an amendment and/or supplement [to] the appellant's PCRA [petition] pursuant to the court's Order of August 5, 1991[,] and having been granted an additional 30 days to do so after the last transcribed notes of testimony were filed, which would have been September 11, 1991, the court ordered that the Commonwealth answer appellant's *pro se* PCRA motion. The Commonwealth's answer to the appellant's original PCRA motion was filed on November 26, 1991.

On January 3, 1992, th[e trial] court by Opinion and Order denied appellant's original PCRA motion at docket numbers 681, 955 and 1404 of 1990 and docket number 699 of 1991. [On January 22, 1992, attorney Grayer filed a 'no-merit letter' and a motion to withdraw, which was granted by the trial court on the same day.] Appellant filed a notice of appeal (in forma pauperis) on January 29, 1992. On January 31, 1992[,] the court ordered appellant to file a concise statement within 14 days of said Order. Appellant's motion for continuation of in forma pauperis [status] for purposes of this appeal was also granted on [the] same date.

The Superior Court of Pennsylvania by its Order and Opinion dated September 11, 1992, reversed the judgment of th[e trial] court; appellant's case was remanded for appointment of counsel who within 30 days of receipt of the record was to file an amended or supplemented PCRA petition with the trial court. The Superior Court Order and Opinion was filed in the Erie County Clerk of Courts Office on December 1, 1992. On December 2, 1992, th[e trial] court[,] in accordance with the Superior Court order dated September 11, 1992, appointed Joseph P. Burt, Esquire, Assistant Public Defender, to represent the appellant. At-

torney Burt was ordered to amend or supplement the appellant's PCRA petition within 30 days from the date of this Order. On December 31, 1992, Attorney Burt filed an amended and supplemented PCRA petition at docket number 681, 955 and 1404 of 1990, and [6]99 of 1991. On January 4, 1993, the court ordered that the Commonwealth answer appellant's amended and supplemented PCRA petition. The Commonwealth filed its response to petitioner's amended PCRA petition on February 2, 1993.

On February 24, 1993, the [trial] court granted appellant leave to appeal *nunc pro tunc* at docket numbers 681, 955 and 1404 of 1990. Appellant was not granted leave to file an appeal *nunc pro tunc* at docket number 699 of 1991[,] which was also included in appellant's supplemented and amended PCRA petition. Appellant's petition at docket number 699 of 1991 was denied.

Appellant filed [two] notice[s] of appeal [to the Superior Court] on March 25, 1993. A praecipe for appearance was [then] filed [on behalf of appellant] by Lynette M. Petruska, Esquire on March 24, 1993. A statement of matters complained of on appeal was filed on April 12, 1993."

(Trial Court Opinion, 8/11/93, p. 4–6).

First, we will address the second of the two related appeals filed by appellant. This is a direct appeal *nunc pro tunc* from the judgment of sentence imposed upon appellant following his no contest pleas at trial court docket numbers 681, 955 and 1404 of 1990 to various violations of the Drug Act. On appeal, appellant contends that his no contest pleas were not knowingly, voluntarily and intelligently made for two reasons. First, appellant claims that there was an insufficient factual basis laid for his pleas because he was not apprised during the plea colloquy of the differing amounts of cocaine allegedly involved in each transaction, nor was he advised of the various dates that the transactions in Counts 3, 5, 7, and 9 at docket number 681 were allegedly to have taken place [2].

2. The Commonwealth concedes that the plea colloquy was defective as to Counts 3, 5, 7 and 9 at docket number 681 due to the fact that an inadequate factual basis was laid for the pleas by the Commonwealth's

■ Secondly, appellant contends that his pleas were not entered with a full understanding of the consequences thereof because he was not told that the sentencing court could impose his sentences *consecutively*, rather than concurrently, to one another. Finally, appellant contends that his trial counsel rendered ineffective assistance of counsel in this case because he failed to ensure that appellant's plea colloquy was legally sufficient and also because he failed to file a motion to withdraw appellant's pleas, both before and after sentencing, in spite of appellant's request that such a motion be filed.

"We begin by noting that the appropriate standard against which all claims of ineffective assistance of counsel must be measured is well settled.

The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. If this threshold is met, it must next be established that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interest. Finally, we require that the defendant establish how counsel's commission or omission prejudiced him.

*Commonwealth v. Durst*, 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989) (citations omitted); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

In determining whether appellant's claim has arguable merit we must first look to the standard applied in withdraw of [ ] plea cases.

When considering a petition to withdraw a [ ] plea submitted to a trial court after sentencing, ..., it is well-established that 'a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified.'

failure to note the dates on which the drug transactions allegedly took place. However, the Commonwealth argues that the rest of appellant's no contest pleas were knowing, voluntary and intelligent.

*Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982) (emphasis omitted) (citations omitted)."

*Commonwealth v. Persinger,* 532 Pa. 317, 321, 615 A.2d 1305, 1307 (1992).

In *Persinger,* our Supreme Court reiterated the well-established principle that:

"... the decision to plead guilty [or no contest] to a charge could not be accepted as being knowingly and intelligently entered without an assurance that the accused fully comprehended *the maximum punishment that might be imposed for his conduct.* This information is obviously an integral part of the knowledge that should be possessed by one who is called upon to make the difficult decision whether to surrender his right to trial and place himself at the mercy of the sentencing court. No civilized society could tolerate the waiver of such basic rights from one who was unaware of or misinformed as to such a critical fact."

*Id.* at 322, 615 A.2d at 1307, *quoting Commonwealth v. Kulp,* 476 Pa. 358, 361, 382 A.2d 1209, 1211 (1978) (emphasis added in *Persinger* ).

From that starting point, the *Persinger* court addressed the issue of whether or not a defendant is entitled to know that the sentences which he will receive in connection with a plea could be imposed either consecutively *or* concurrently within the discretion of the sentencing court. In this regard, our high court opined:

"[t]he goal sought to be attained by the [ ] plea colloquy is assurance that a defendant's [ ] plea is tendered knowingly, intelligently, voluntarily, and understandingly. See Pa. R.Crim.P. 319. A defendant obviously cannot be expected to plead intelligently without understanding the consequences of his plea. In order to understand the consequences of his plea it is clear that a defendant must be informed of the *maximum* punishment that might be imposed for his conduct. *Commonwealth v. Kulp, supra.* To hold that the term 'maximum' does not include the total possible aggregate sentence is clearly incorrect. And to

hold that a plea was intelligently and understandingly entered where a defendant was not informed that consecutive sentences could be imposed upon his multiple convictions is equally incorrect."

*Persinger, supra,* 535 Pa. at 323, 615 A.2d at 1308 (emphasis in original).

The Supreme Court found that the *Persinger* defendant had suffered manifest injustice as a result of the fact that his plea colloquy lacked any mention of the maximum sentence he could receive in connection with that plea. Therefore, the Supreme Court concluded that Persinger's ineffectiveness claim had merit. The *Persinger* court also decided that "because there were adequate grounds for withdrawal of [the defendant's] plea, counsel's failure to seek withdrawal of [his] plea was prejudicial to [him]." *Id.* Finally, in *Persinger,* the court opined that "there could have been no reasonable basis for counsel's course of action under these circumstances." *Id.* at 324, 615 A.2d at 1309. Thus, defense counsel was held to be ineffective as a matter of law for failing to file a motion to withdraw the defendant's guilty plea when the plea colloquy was so clearly defective.

 Our review of the record indicates that the instant appellant was no more aware of the maximum penalty he could receive as a consequence of his no contest pleas than was the defendant in *Persinger.* However, the Commonwealth contends that despite the analogous nature of the present case to *Persinger,* we cannot dispose of this appeal based on *Persinger* because this appellant did not take the proper steps to preserve this issue for appeal [3]. We do not agree.

3. The Commonwealth also argues that trial counsel cannot be found ineffective in this case because an attorney cannot be found ineffective for failure to anticipate a change in the law. However, the *Persinger* decision did not reverse the law in this Commonwealth with regard to the requirements of a plea colloquy; it merely clarified it. Indeed, in deciding *Persinger,* the Supreme Court relied on a *previous* Supreme Court case, *Commonwealth v. Kulp,* 476 Pa. 358, 361, 382 A.2d 1209, 1211 (1978), which held that an accused must comprehend the *maximum punishment* that might be imposed for his conduct before he

As this Court unequivocally stated in *Commonwealth v. Moore*, 365 Pa.Super. 65, 528 A.2d 1364 (1987):

" 'Ordinarily, a party on appeal who seeks to challenge a guilty [or no contest] plea must first have filed a motion to withdraw the plea in the court where it was entered.' [citation omitted]. However, 'the failure to file a petition to withdraw an unlawfully induced plea does not result in a waiver where such failure is due to ineffectiveness of counsel.' [citation omitted]. A claim of ineffectiveness is an extraordinary circumstance which prevents waiver of claims. [citation omitted]. *Here, appellant's claim that counsel failed to file a motion to withdraw is a sufficient allegation of ineffectiveness to prevent waiver.*"

*Id.* at 69, 528 A.2d at 1366. (emphasis added).

In this case, as in *Persinger*, we decide that by failing to apprise appellant of the fact that his sentences could be imposed in a consecutive manner, trial counsel caused appellant to enter an involuntary and unknowing plea. Further, in this case, as in *Persinger*, there was no reasonable basis designed to effectuate appellant's interests for failing to ensure that the colloquy was adequate, nor for refusing to file a motion to withdraw the pleas when specifically asked to do so by appellant. And, clearly, as in *Persinger*, appellant was prejudiced by the manifest injustice of his defective plea colloquy. Therefore, we conclude that counsel in this case was ineffective as a matter of law in refusing to file a motion to withdraw the defective plea. Accordingly, appellant's *Persinger* issue has not been waived.

In this case, as in *Persinger*, it is unnecessary for us to remand for an evidentiary hearing on the issue of counsel's stewardship, and therefore, we simply vacate appellant's judgments of sentence and remand this matter for further proceedings.

enters a plea. Furthermore, inasmuch as our Supreme Court has applied the *Persinger* decision retroactively, we are required to do the same. The Commonwealth's argument that counsel cannot be held accountable for the defectiveness of the instant plea colloquy is without merit.

 We now move on to a consideration of the other appeal presently before this Court [4]. This appeal is from the trial court's denial of appellant's amended and supplemented PCRA motion at docket number 699 of 1991. Appellant contends that, despite his trial counsel's knowledge that appellant wished to stand trial on the charges at docket number 699 of 1991, counsel failed to investigate two potential defenses (entrapment and duress) before advising him to plead no contest. Appellant requests that we vacate the trial court's order denying his motion for post conviction collateral relief and remand this matter back to the trial court for an evidentiary hearing on the issue of trial counsel's effectiveness.

In cases such as this, our standard of review has been previously stated as follows:

"[a]lthough the right to an evidentiary hearing is not an absolute one, a hearing should be held on any issue which the PC[R]A court is not certain lacks merit. *Commonwealth v. Rhodes*, 272 Pa.Super. 546, 416 A.2d 1031 (1979). We will only remand for an evidentiary hearing if it is not possible to determine from the record whether the petition is frivolous and without support. *Commonwealth v. Payton*, 253 Pa.Super. 422, 385 A.2d 410 (1978). Otherwise, we will affirm if our review of the record evinces that the claims are patently frivolous. *Commonwealth v. Taylor*, 491 Pa. 205, 420 A.2d 413 (1980)."

*Commonwealth v. Heck*, 321 Pa.Super. 66, 69, 467 A.2d 896, 897 (1983).

In order to be eligible for PCRA relief, pursuant to 42 Pa.C.S.A. § 9543(a):

"... a petitioner is required to plead and prove, by a preponderance of the evidence, his conviction or sentence

---

4. We note that in this appeal, appellant does not argue that his pleas were unknowing and involuntary in that he was not aware of the fact that his sentences could be imposed consecutively rather than concurrently. This is because in the plea colloquy conducted on May 9, 1991, appellant *was* apprised that the maximum penalties for the offenses to which he was pleading could be imposed consecutively by the sentencing court.

resulted from one or more enumerated errors or defects in the proceedings."

*Commonwealth v. Edwards*, 417 Pa.Super. 555, 558, 612 A.2d 1077, 1079 (1992), *appeal denied*, 533 Pa. 656, 625 A.2d 1191 (1993). In the instant case, appellant has pled that his trial counsel provided ineffective assistance of counsel. The PCRA provides relief for a petitioner who received ineffective assistance from his counsel if counsel's flawed stewardship "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). "We have interpreted this to mean that an ineffectiveness claim brought under the PCRA must raise a question of whether an 'innocent individual' has been convicted." *Commonwealth v. Grier*, 410 Pa.Super. 284, 288, 599 A.2d 993, 995 (1991), *appeal denied*, 530 Pa. 639, 607 A.2d 250 (1992).

A claim that trial counsel was ineffective for failing to pursue an entrapment defense is cognizable in a PCRA petition because such a claim goes to the innocence of the defendant and calls into question the truth determining process. *Commonwealth v. Dukeman*, 413 Pa.Super. 397, 605 A.2d 418 (1992). Also for these reasons, appellant's claim has not been waived pursuant to 42 Pa.C.S.A. § 9543(a)(3)(ii). *Id.*

Thus, following an exhaustive review of the record in the instant appeal, we conclude that:

"[t]he information gleaned from the record before us is insufficient to support a finding [by the trial court] of patently frivolous claims. We must, therefore remand the matter for an evidentiary hearing on appellant's claim that ineffective assistance of counsel before and during his [no contest] plea hearing rendered his plea involuntary and unintelligent."

*Heck, supra*, 321 Pa.Super. at 69, 467 A.2d at 897.

At Superior Court docket number 512 Pittsburgh 1993, we vacate the trial court's order denying his PCRA petition and remand the matter to the trial court for an evidentiary hearing to be held on the issue of trial counsel's effectiveness. At

Superior Court docket number 513 Pittsburgh 1993, we vacate appellant's judgments of sentence, and remand for further proceedings on the charges appearing at trial court docket numbers 681, 955 and 1404 of 1990.