J-A08043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
v.   :
   :
   :
LOGAN MICHAEL COLLINS   :
   :
Appellant   :   No. 944 WDA 2021

Appeal from the PCRA Order Entered July 19, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001302-2019

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
v.   :
   :
   :
LOGAN MICHAEL COLLINS   :
   :
Appellant   :   No. 946 WDA 2021

Appeal from the PCRA Order Entered July 19, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003037-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:      **FILED: AUGUST 26, 2022**

Logan Michael Collins (Appellant) appeals from the consolidated orders entered on July 19, 2021, in the Erie County Court of Common Pleas, denying and dismissing his first petition filed under the Post-Conviction Relief Act[1] (PCRA), without a hearing.  Appellant seeks relief from the judgment of

---

[1] 42 Pa.C.S. §§ 9541-9546.

sentence at Criminal Docket No. CP-25-CR-0001302-2019 (Docket No. 1302-2019), of 4 years and 9 months' to 9 years and 6 months' incarceration, imposed on February 24, 2020, after he pled guilty to one count each of accidents involving death or personal injury, accidents involving death or personal injury while not properly licensed, and terroristic threats.[2] Appellant also challenges his sentence at Criminal Docket No. CP-25-CR-0003037-2016 (Docket No. 3037-2016), imposed on the same day, for which he was resentenced after revocation of his house arrest and probation for a violation related to this incident. On appeal, Appellant complains that the PCRA court erred in denying his request for an evidentiary hearing regarding his various claims of ineffectiveness of trial counsel. For the reasons below, we affirm in part, reverse in part, and remand this matter to the PCRA court for an evidentiary hearing consistent with this memorandum.

At Docket No. 3037-2016, Appellant plead guilty to one count of driving under the influence (highest impairment) (second offense) (DUI).[3] Following the guilty plea, the trial court sentenced Appellant to three years of "restrictive intermediate punishment, beginning with 90 days of electric monitoring." Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907 (Rule 907 Notice), 6/28/21, at 1.

---

[2] 75 Pa.C.S. §§ 3742(a), 3742.1(a)(1); 18 Pa.C.S. § 2706(a)(1).

[3] 75 Pa.C.S. § 3802(c).

While on probation for the 2016 DUI offense, Appellant committed the offenses entered at Docket No. 1302-2019. Specifically, on February 28, 2019, Appellant was driving when he hit pedestrian Donald Lonyo (Victim), which caused Victim's death. N.T. Plea, 12/19/19, at 8-9. At the time of the accident, Appellant was driving his vehicle without a driver's license and with one other person, Adam Maison (Witness), in the car. *Id.* at 9. Appellant fled the scene, rather than remain and administer aid to Victim. *Id.* at 8. Subsequently, Appellant threatened to kill Witness if he reported the accident. *Id.* at 9. Appellant was charged with one count each of accidents involving death or personal injury, accidents involving death or personal injury while not properly licensed, terroristic threats, involuntary manslaughter, intimidation of witnesses or victims, homicide by vehicle, aggravated assault by vehicle, immediate notice of accident to police department, duty to give information and render aid, reckless driving, driving while operating privilege is suspended or revoked, and two counts of careless driving.[4] He eventually elected to plead guilty.

At the December 19, 2019, proceeding, Appellant entered a guilty plea to one count each of accidents involving death or personal injury, accidents involving death or personal injury while not properly licensed, and terroristic

---

[4] 18 Pa.C.S. §§ 2504(a), 4952(a)(1); 75 Pa.C.S. §§ 3732(a), 3732.1(a), 3746(a)(1), 3744(a), 3736(a), 1543(b)(1), 3714(a)-(b).

threats. In exchange for the plea, the Commonwealth withdrew the remaining charges against Appellant. The plea did not include a sentencing agreement.

As noted above, at the time of the accident, Appellant was serving probation at Docket No. 3707-2016. On February 24, 2020, the trial court held both a revocation and sentencing hearing. The court revoked Appellant's probationary sentence at Docket No. 3707-2016 as a result of the 2019 convictions, and then sentenced Appellant at both dockets. At Docket No. 3707-2016, the trial court resentenced Appellant to one to two years' incarceration followed by a three-year period of probation. At Docket No. 1302-2019, the trial court sentenced Appellant to consecutive sentences of three to six years' incarceration for accidents involving death or personal injury, nine to 18 months' imprisonment for accidents involving death or personal injury while not properly licensed, and one to two years' incarceration for terroristic threats.

Appellant filed a post-sentence motion to modify both sentences, which the trial court denied on March 10, 2020. Appellant did not file a direct appeal, but instead, on April 6, 2021, filed a timely counseled PCRA petition.[5] The

---

[5] In his petition, Appellant alleged trial counsel was ineffective because he: (1) failed to have adequate contact with Appellant prior to trial; (2) informed Appellant "he had inadequate funds to pay counsel to [d]efend him at trial[;]" (3) failed to advise Appellant of potential defenses; (4) did not tell Appellant that his minimum sentence could exceed three years, and (5) did not advocate for a sentence that would allow him to participate in the state drug treatment program. Appellant's Amended Petition for Post Conviction Relief, 4/19/21, at 2-3 (unpaginated).

PCRA court then ordered Appellant to file an amended petition with "greater specificity" of trial counsel's alleged ineffectiveness, to which Appellant complied. *See* Order, 4/9/21. On June 28, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing and an accompanying opinion. On July 19, 2021, Appellant objected to the Rule 907 notice and, on the same day, the PCRA court dismissed Appellant's petition. Appellant filed a timely appeal at each docket.[6, 7] On September 16, 2021, this Court consolidated both appeals *sua sponte*. Order, 9/16/21.

Appellant raises the following claims on appeal:

1. Whether the PCRA [c]ourt erred in failing to conduct an evidentiary hearing where Appellant timely raised the issue that his trial counsel was ineffective in failing to properly advise Appellant during the plea-bargaining process with respect to the duration of the sentence he was facing by communicating to Appellant that he would receive a three year minimum sentence if he pleaded guilty, thus causing Appellant to enter a guilty plea that was not knowingly and voluntarily made[?] ***See Commonwealth v. Hickman***, 799 A.2d 136 (Pa. Super. 2002).

2. Whether the PCRA [c]ourt erred in failing to conduct an evidentiary hearing where Appellant timely raised, the issue than his trial counsel was ineffective in failing to advocate for an aggregate sentence at Dockets 1302 of 2019 and 3037 of 2016 that would comport with the State Drug Treatment Program (***See*** 61 Pa.C.S. § 4010, et seq.) where [Appellant]

---

[6] Appellant timely complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[7] In its Pa.R.A.P. 1925(b) opinion, the PCRA court adopted the rationale from its Rule 907 Notice.

has a recorded history of past offenses that relate to drug and/or alcohol abuse[?]

3. Whether the PCRA [c]ourt erred in failing to conduct an evidentiary hearing where Appellant timely raised the issue that his trial counsel was ineffective by inducing Appellant to enter a guilty plea by communicating to him that he had inadequate funds to pay counsel to [d]efend him at trial and by failing to advise Appellant of potential defenses of arguable merit as to the: charge of [a]ccidents involving [d]eath (75 Pa.C.S. § 3742) and [a]ccidents [i]nvolving [d]eath while not [l]icensed (75 Pa.C.S. § 3742.1.) where [Appellant] was not initially aware that he had struck an individual and had attempted to return to the scene of the accident[?] *See Commonwealth v. Lutz*, 424 A.2d 1302 (Pa. 1981), *See Commonwealth v. Jones*, 640 A.2d 1330 (Pa.Super.1994).

4. Whether the PCRA [c]ourt erred in failing to conduct an evidentiary hearing where Appellant timely raised the issue that his trial counsel was ineffective in failing to have adequate personal contact with Appellant during the pendency of his case. Specifically, Appellant's trial counsel was ineffective in only meeting with Appellant on two occasions from when Appellant was arrested until he was sentenced[?] *See Commonwealth v. Brooks*, 839 A.2d 245 (Pa. 2003).

Appellant's Brief at 5.[8]

Our review of an order denying a PCRA petition is well-settled: "We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Johnson*, 179 A.3d 1153, 1156 (Pa. 2018) (citation omitted). Furthermore, "[t]he PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (citation omitted).

---

[8] Based on our disposition, we have reordered Appellant's issues.

Appellant's claims all challenge the PCRA court's decision to deny his ineffectiveness claims without an evidentiary hearing. We note a "PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact. A PCRA court's decision denying a claim without a hearing may only be reversed upon a finding of an abuse of discretion." **Commonwealth v. Walker**, 36 A.3d 1, 17 (Pa. 2011) (citation omitted). A PCRA court may decline to hold an evidentiary hearing

> if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of [this Court] on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted).

Where a petitioner's claims raise allegations of prior counsel's ineffectiveness,

> Appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

**Johnson**, 179 A.3d at 1158 (citations and quotation marks omitted).

The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit. . . . Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim.

Once this threshold is met we apply the reasonable basis test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective. If we determine that there was no reasonable basis for counsel's chosen course then the accused must demonstrate that counsel's ineffectiveness worked to his prejudice.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa. Super. 2016) (citations and quotation marks omitted). Moreover, "[i]neffective assistance of counsel claims arising from the plea[-]bargaining process are eligible for PCRA review." *Kelley*, 136 A.3d at 1012 (citation omitted). We are also guided by the following:

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the] appellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

*Commonwealth v. Fears*, 86 A.3d 795, 806–07 (Pa. 2014) (citation omitted).

In his first claim, Appellant argues trial counsel misinformed him about his potential sentence. Appellant's Brief at 20. Specifically, Appellant asserts trial counsel "misstate[d]" that his minimum sentence would be three years,

which induced him into an unknowing and involuntary plea. *Id.* at 20, 25. Appellant insists he is entitled to an evidentiary hearing to determine whether he voluntarily entered his plea. *See id.* at 20, 25.

To determine if a guilty plea is valid, it must meet the following criteria:

> A valid guilty plea must be knowingly, voluntarily and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764 (Pa. Super. 2002) (*citing* Pa.R.Crim.P. 590). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Kelley*, 136 A.3d at 1013 (some citations omitted).

The PCRA court concluded Appellant's claim is not supported by the record because he knowingly and intelligently entered his plea. Rule 907 Notice at 6-7. Specifically, the PCRA court noted Appellant's plea hearing complied with Pa.R.Crim.P. 590 when Appellant

> signed a Statement of Understanding of Rights which was reviewed with him prior to entry of his guilty plea. [Appellant] was informed the [trial c]ourt was not bound by the terms of the plea agreement. [Appellant] indicated he understood the nature of the charges and the factual basis for the plea. Further, [Appellant] indicated he understood the maximum sentences[.]

*Id.* at 6. We agree.

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015) (citations and internal quotation marks omitted). Further, a defendant is bound by statements they make during a guilty plea colloquy. *Id.* (citation omitted).

Here, Appellant alleged he was not aware that his minimum sentence could surpass three years; however, the record contradicts this argument. Prior to entering his guilty plea, Appellant signed an acknowledgement of his rights, which stated:

> 4. I **understand** that the **maximum sentence** for the crime(s) to which I am pleading guilty . . . is [accidents involving death or personal injury: Mandatory Minimum]: 3 years, Maximum 10 years[; accidents involving death or personal injury while not properly licensed]: 7 years[; terroristic threats]: 5 years . . .
>
> 5. I understand that any plea bargain in my case is set forth here and there has been no other bargain . . . to induce me to plead guilty[.] The **only plea bargain in my case is pleading guilty** to [accidents involving death or personal injury, accidents involving death or personal injury while not properly licensed, and terroristic threats]. In exchange, the Commonwealth will *nolle pros* the remaining [c]ounts[.]
>
> 6. I understand that the [court] is not bound by the terms of any plea bargain unless the [court] chooses to accept it. . . . If the Commonwealth agrees to make a sentencing recommendation on my behalf, **the [court] will not be bound by this recommendation and I understand that I will not be permitted to withdraw my guilty . . . plea if this should occur**. . . .

Appellant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, 12/19/19 (some emphasis added and omitted). Appellant signed this

statement under oath which was reviewed with him at the plea hearing. **See** N.T. Plea, 12/19/19, at 2-8; **see also** Rule 907 Notice at 6. The Commonwealth made no sentencing recommendation.

At the plea hearing, Appellant was then informed that each of his sentences could run consecutively, and reminded that his sentence was "solely" the decision of the trial court regardless of any discussion prior to the colloquy. N.T. Plea, at 3-4, 7. The Commonwealth also reiterated the possible maximum sentences Appellant was facing. **Id.** at 7. Appellant indicated that he understood the maximum sentences which could be imposed. **Id.** at 7-8. After the court read the oral colloquy, Appellant indicated he did not have any questions regarding the details of his guilty plea. **Id.** at 8.

Contrary to Appellant's argument, the record supports the conclusion that at the time he entered the guilty plea, he was aware of the possibility the trial court would impose a sentence above the mandatory minimum, which would be greater than three years, and that his sentence was up to the court's discretion. Thus, Appellant failed to establish he entered his plea unknowingly or that any genuine issue of material fact exists, and as such no relief is due. **See Fears**, 86 A.3d at 806–07; **Wah**, 42 A.3d at 338.

In his second claim, Appellant argues counsel was ineffective where he did not "advocate for an aggregate sentence [on his Docket Nos. 3037-2016 and 1302-2019 sentences] that would comport with the State Drug Treatment Program[ under 61 Pa.C.S. § 4104.]" Appellant's Brief at 25. Appellant insists he is eligible for the program because of his past alcohol related offenses and

his lack of violent offenses. *Id.* at 27. Appellant, however, concedes that he is "ineligible under the State Drug Treatment Program in that he received an aggregate sentence with a five year, nine month, minimum term of incarceration, which is nine months greater than [the] allowable minimum sentence under the Program." *Id.*

Preliminarily, we note the relevant sections of 61 Pa.C.S. § 4104, which were in effect at the time Appellant committed the offenses, governing admission to the state drug treatment program:

**(a)** Referral for evaluation.

> **(1)** Prior to imposing a sentence, the court may, upon motion of the Commonwealth and agreement of the defendant, commit a defendant to the custody of the department for the purpose of evaluating whether the defendant would benefit from a drug offender treatment program and whether placement in the drug offender treatment program is appropriate.

> **(1.1)**

> > **(i)** The prosecuting attorney, in the **prosecuting attorney's sole discretion**, may advise the court that the Commonwealth **has elected to waive the eligibility requirements** of this chapter, if the victim has been given notice of the prosecuting attorney's intent to waive the eligibility requirements and an opportunity to be heard on the issue.

> > \*   \*   \*

> **(c)** Proposed drug offender treatment program. — If the department in its discretion believes a defendant would benefit from a drug offender treatment program and placement in the drug offender treatment program is appropriate, the department shall provide the court, the defendant, the attorney for the Commonwealth and the commission with a proposed drug

offender treatment program detailing the type of treatment proposed.

61 Pa.C.S. § 4104(a)(1)-(2)(i), (c) (effective until February 17, 2020) (emphasis added).

An "eligible person" for purposes of the State Drug Treatment Program is defined, in relevant part, as:

> **(1)** A person who has not been designated by the sentencing court as ineligible and is a person convicted of a drug-related offense who:
>
>               \*     \*     \*
>
> **(iii)** Is a person sentenced to a term of confinement under the jurisdiction of the department, the minimum of which is not more than two years, or **a person who is serving a term of confinement, the minimum of which is not more than five years** where the person is within two years of completing the person's minimum term.

61 Pa.C.S. § 4103(1)(iii) (emphasis added).

The PCRA court concluded that this argument is without merit, opining:

> Placement within the [program] is within the Pennsylvania Department of Correction's discretion if it believes an **eligible** person would benefit from the program and placement . . . would be appropriate. 61 Pa.C.S.[ ] §4104(c). **The Commonwealth held sole discretion on whether to waive eligibility requirements** for [Appellant's] ability to enter the program and **chose not to waive** the necessary requirements. *See* 61 Pa.C.S.[ ] §4104(a)(2)(i).

Rule 907 Notice at 7 (emphasis added). We agree.

The Commonwealth did not waive admission requirements, nor did Appellant allege that the Commonwealth would have done so in his petition, regardless of counsel's argument at sentencing. Moreover, Appellant

- 13 -

acknowledged that based on his aggregate sentence, he was an "ineligible" person pursuant to Section 4103. For these reasons, Appellant failed to demonstrate how his ineffectiveness claim was of arguable merit, and as such, no relief is due. *See Johnson*, 179 A.3d at 1158; *Fears*, 86 A.3d at 806–07; *Wah*, 42 A.3d at 338.

In his third argument, Appellant contends trial counsel "induced [him] to enter a guilty plea while [Appellant] had valid defenses . . . based on [c]ounsel's assertion" that Appellant could not afford to proceed to trial. Appellant's Brief at 20. Appellant avers that he initially was not aware that he had struck an individual and had attempted to return to the scene of the accident. *Id.* at 14. Appellant also alleges he informed his attorney he was interested in this defense and counsel refused to explore it further. *Id.* at 14. Appellant asserts that without an evidentiary hearing, the PCRA court could not determine whether this claim had arguable merit, whether counsel had a reasonable basis for the conduct, and whether Appellant experienced prejudice. *Id.* at 20.

We begin with Section 3742, which provides, in pertinent part:

§ 3742. Accidents involving death or personal injury

(a) *General rule.* — The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). . . .

75 Pa.C.S. § 3742.

Section 3742.1 further provides that:

§ 3742.1. Accidents involving death or personal injury while not properly licensed

(a) *Offense defined.* – A person whose operating privilege was disqualified, canceled, recalled, revoked or suspended and not restored or who does not hold a valid driver's license and applicable endorsements for the type and class of vehicle being operated commits an offense under this section if the person was the driver of any vehicle and:

(1) caused an accident resulting in injury or death of a person; or

(2) acting with negligence that contributed to causing the accident resulting in injury or death of a person. . . .

75 Pa.C.S. § 3742.1.

Section 3742 "itself does not contain a *scienter* requirement." ***Commonwealth v. Woosman***, 819 A.2d 1198 (Pa. Super. 2003). In ***Woosman***, a panel of this Court held that under Section 3742, the Commonwealth must establish that the "driver knew or should have known" that he was involved in an accident involving personal injury or death. ***Id.*** at 1206.[9] ***See also Commonwealth v. Kinney***, 863 A.2d 581, 585-86 (Pa. Super. 2004).

Here, the Commonwealth concedes that Appellant is entitled to an evidentiary hearing regarding trial counsel's alleged failure to inform Appellant

_____

[9] We note that Section 3742.1 is substantially similar to Section 3742 for the purpose of establishing intent.

- 15 -

of potential defenses because "the record does not explicitly show that this claim is patently frivolous." Commonwealth Brief at 9. However, the Commonwealth maintains that even if Appellant is granted a hearing, it will establish that counsel did discuss potential defenses, and as such, no relief would be granted. *Id.*

On this claim, we conclude Appellant is entitled to an evidentiary hearing. In several court filings, Appellant has maintained that he was not initially aware that he struck Victim and then later attempted to return to the scene, a defense available under 75 Pa.C.S. § 3742. *See Kinney*, 863 A.2d at 588 (substantial compliance is a defense to a violation under 75 Pa.C.S. § 3742); Appellant's Amended Petition for Post-Conviction Relief, 4/19/21, at 3 (unpaginated); Appellant's Objection to the Court's Notice of Intent to Dismiss PCRA Petition, 7/19/21, at 2 (unpaginated). His statements purportedly qualify as a valid defense under *Woosman* and *Kinney*.

Without a record to establish whether trial counsel had substantive meetings with Appellant where he discussed potential defenses, this Court cannot conclude if counsel provided ineffective assistance to Appellant. Thus, we discern that Appellant has raised an issue of material fact as to whether counsel reviewed potential defenses with Appellant before advising him to seek the guilty plea agreement. *See Wah*, 42 A.3d at 338. Accordingly, we find the PCRA court erred in determining that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing on this matter. *See id.*

- 16 -

In his final claim, Appellant argues trial counsel was ineffective for meeting with him "no more than two" times between his arrest and the guilty plea. Appellant's Brief at 12. Appellant relies on **Commonwealth v. Brooks**, 839 A.2d 245 (Pa. 2003), to support his contention that counsel's conduct was insufficient. **Id.** Appellant maintains that because he "was charged with significant crimes that carried the possibility of . . . extensive incarceration," he has set forth a claim meeting all three prongs of the ineffectiveness test. **Id.** at 14. For these reasons, Appellant insists he is entitled to an evidentiary hearing on the matter to determine if counsel's conduct constituted ineffective assistance. **Id.**

The PCRA court concluded Appellant's claim is not supported by the record, nor did he establish that he was prejudiced. **See** Rule 907 Notice at 6-7. We disagree.

As indicated above, Appellant relies on **Brooks** in support of his argument. In **Brooks**, the defendant was charged with, *inter alia*, first degree murder. **Brooks**, 839 A.2d at 247. Counsel failed to meet with the defendant "even once before his trial on capital charges." **Id.** at 250. Instead, counsel could only "specifically recall one telephone conversation" which lasted about twenty to thirty minutes. **Id.** at 249. Counsel for the defendant cited to not "looking forward to spending time alone" with defendant as explanation for not meeting with him. **Id.** Our Supreme Court concluded counsel's lack of contact with the defendant had no reasonable basis, prejudiced the defendant, and found the conduct amounted to ineffective assistance of counsel. **Id.**

- 17 -

This Court discussed *Brooks* and its application in *Commonwealth v. Johnson*, 51 A.3d 237 (Pa. Super. 2012). In *Johnson*, the defendant argued that because his counsel did not meet with him face to face until the night before his trial, he was entitled to relief under *Brooks*. *Johnson*, 51 A.3d at 243. The *Johnson* Court disagreed, stating:

> Our Supreme Court emphasized in *Brooks* that [his trial counsel] failed to meet with his client "at all." [Here, Johnson's attorney] represented [him] at his preliminary hearing and criminal arraignment, conducted a face-to-face meeting at his preliminary hearing, conducted another face-to-face meeting at the prison with [Johnson] prior to trial, and performed at least one telephone consultation. While we acknowledge that more contact may have been advisable, we disagree with [Johnson] that the length and frequency of the consultations alone can support a finding of ineffectiveness. We further decline to read *Brooks* so rigidly that we are precluded from evaluating the substantive impact of the consultations [Johnson's attorney] did perform.

*Id.* at 243-44 (citations omitted). This Court concluded Johnson's attorney was effective when he held "substantive" meetings in which he "obtain[ed] adequate information to defend . . . against first-degree murder charges[.]" *Id.* at 244 (internal quotation marks omitted).

First, we note Appellant's reliance on *Brooks* is misplaced. In *Brooks*, the defendant was charged with, *inter alia*, first degree murder. *Brooks*, 839 A.2d at 247. Counsel failed to meet with the defendant "even once before his trial on capital charges[,]" instead electing to have one brief phone conversation. *Id.* at 249-50. Conversely, in the present matter, trial counsel **did** meet with Appellant prior to trial two separate times. Appellant's Brief at

12, 14. Further, Appellant, unlike the defendant in **Brooks**, was not facing capital charges.

While the "length and frequency of [attorney] consultations alone" cannot support a finding of ineffective assistance of counsel, we must consider the "substantive impact" of any meetings counsel had with their client. **Johnson**, 51 A.3d at 244. Appellant conceded that he met with trial counsel on two occasions, but alleges that during those meetings, counsel refused to explore potential defenses with him. Appellant's Brief at 8, 12, 14. The record does not currently support or refute Appellant's assertion. Without a record to determine if counsel did, in fact, conduct substantive discussions with Appellant prior to the entry of the guilty plea, we cannot determine whether counsel acted reasonably under the circumstances. For this reason, an evidentiary hearing is necessary to determine the "substantive impact" of counsel's meetings with Appellant. **See Johnson**, 51 A.3d at 244; **Wah**, 42 A.3d at 338.

Order affirmed in part and reversed in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2022

- 19 -